## MALLONEE et al. v. FAHEY et al.
### No. 5421 consolidated with No. 5678.

United States District Court
S. D. California, Central Division.

Dec. 1, 1949.

See also 200 F.2d 918.

Westover & Smith and Wyckoff Westover, all of Los Angeles, Cal., for plaintiffs.

Thomas & Wallace and H. O. Wallace, all of Long Beach, Cal., for Title Service Co.

Raymond Tremaine, of Los Angeles, Cal., for R. H. Wallis.

Charles K. Chapman, of Long Beach, Cal., for Long Beach Federal Savings & Loan Association.

James M. Carter, U. S. Atty., of Los Angeles, Cal., for A. V. Ammann and John H. Fahey et al.

HALL, District Judge.

Preliminary Injunction
With Findings [1]

The Motions for Preliminary Injunction of

1. The plaintiffs,[2] Mallonee, Bucklin, and Fergus, individually, and as the Shareholder Members Protective Committee, as representatives of a class suing for and on

[1.] In hearing the within matter, judicial notice of all of the books, records, files, proceedings, and transcripts, heretofore had in this matter was taken. Rule 65 (d), Fed.Rules Civ.Proc., 28 U.S.C., provides that an injunction such as the instant one, "* * * shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable de-

See note 2 on page 274.

behalf of all of the shareholder members of the Long Beach Federal Savings and Loan Association; and

tail, and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *." It is impossible and would be quite inappropriate to set forth herein; in this order and findings, all of the pleadings and various responses thereto, as well as all of the other matters and things which have been set forth of record by the parties in this case, but each and all of them have been taken into consideration in viewing the "climate" of the within matter, at the time it was set and heard. An effort is made to set forth only those things which have an immediate relationship to the subject matter of this Order, and even so, the Order is too long, but it is hoped it will simplify the task of a reviewing court.

2. Many of the parties to this litigation have lengthy official designations. For brevity they are variously hereinafter referred to as:

(a) Mallonee, Bucklin, and Fergus, the Shareholder Members Protective Committee of the Long Beach Federal Savings and Loan Association, suing on behalf of the 16,000 shareholder depositors as a class (originally Mallonee, Newhouse, and Bucklin), licensed by the State of California as such protective committee, and variously referred to as: plaintiffs, Shareholder Depositors Committee, and Mallonee, et al.;

(b) Long Beach Federal Savings and Loan Association, a federal savings and loan association, defendant, third-party plaintiff and cross-claimant, variously referred to as: said Association, Long Beach Association, etc.;

(c) John H. Fahey, individually and as Federal Home Loan Bank Commissioner, of the Federal Home Loan Bank Administration, serving as such from March, 1946, until September, 1947, when under Presidential Reorganization Plan No. 3, this bureau was re-organized into the Home Loan Bank Board with said defendant Fahey as Chairman, and defendant J. Alston Adams, member and defendant Nathaniel Dyke, member. Defendant William K. Divers, in December, 1947, replaced said Fahey as Chairman of said Home Loan Bank Board, and defendant O. K. LaRoque later became a member of

2. The cross-claimant and third-party plaintiff, Long Beach Federal Savings and Loan Association; and

said Home Loan Bank Board; the Federal Savings and Loan Insurance Corporation, said William K. Divers, J. Alston Adams and O. K. LaRoque, the sole trustees thereof; A. V. Ammann as conservator of said defendant Long Beach Federal Savings and Loan Association from May 20, 1946, until January 24, 1948, are all sometimes referred to as: Home Loan Bank Board, et al., defendants; said Ammann, said Fahey, and said Insurance Corporation, etc.;

(d) The Federal Home Loan Bank of Los Angeles, the Federal Home Loan Bank of Portland, and the Federal Home Loan Bank of San Francisco, sometimes referred to as: said Portland, said San Francisco, or said Los Angeles Bank, as the case may be;

(e) Pioneer Investors Savings and Loan Association, a corporation, Home Mutual Savings and Loan Association, a corporation, California Savings and Loan Company, a corporation, Thrift Federal Savings and Loan Association, a corporation, San Francisco Federal Savings and Loan Association, a corporation, Community Savings and Loan Association, a corporation, Oakland Federal Savings and Loan Association, a corporation, Citizens' Federal Savings and Loan Association, a corporation, Berkeley Guarantee Savings and Loan Association, a corporation, and Golden West Savings and Loan Association, a corporation, are ten federal savings and loan and state building and loan associations, located in the San Francisco Bay Area of California, and for brevity sometimes in this litigation referred to as the "Northern Ten," approximately eighty officers and directors of said "Northern Ten" have been individually sued herein and are referred to as: "Eighty Officers and Directors of the Northern Ten";

(f) Approximately 300 Federal Savings and Loan Associations and State Building and Loan Associations of the eleven states and territories of the Pacific Coast Area are referred to as the stockholders of said San Francisco Bank, 178 of which institutions are located in the states of California, Arizona and Nevada and the Territory of Hawaii, are referred to as: the stockholders of said Los Angeles Bank.

3. The defendant and cross-complainant in interpleader, Title Service Company; and

4. The defendant and cross-claimant in interpleader, George Turner;

5. The defendant and cross-claimant in interpleader Robert H. Wallis, by, and through his attorney of record, Raymond Tremaine, join in each and all of said motions to Restrain All Parties to This Litigation From:

(a) Interfering with the jurisdiction of this Court, obstructing the process of, or violating the orders, injunctions, decrees or judgments of this Court, by holding or participating in, an administrative hearing, called by the defendant Home Loan Bank Board's Order No. 2015, to commence in Washington, D. C., October 25, 1949, or at all; and

(b) From commencing, maintaining or participating in any proceedings, in any forum other than this United States District Court, for the purpose of hearing or determining any of the issues here pending for determination, or concerning any of the properties involved in this litigation; and

(c) From interfering with, or trespassing upon, the titles, ownership, possession or control, of real or personal property, or other assets within the jurisdiction of this said United States District Court, which have been, or will be, awarded by orders, decrees or judgments made, or yet to be made, by said court, awarding designated properties to determined, or to be determined parties to this litigation, to the exclusion of other parties hereto, Were Filed on October 17, 1949, in Open Court, following the conclusion of hearings of various other motions while counsel for many of the parties were still personally present in open court, and copies of said motions, together with copies of motions for Temporary Restraining Order to be heard ex parte, together with the supporting points and authorities, affidavits, exhibits and other documents, were delivered to counsel present, representing the various interested parties; and

On October 18, 1949, at 11:20 o'clock p. m., the Court granted the ex parte Motions for Temporary Restraining Order; and

Issued its Temporary Restraining Order, to expire at 12 o'clock p.m., on the 28th day of October 1949, copy of which Temporary Restraining Order with Findings of Fact (but without exhibits), is attached hereto, marked Exhibit "B," and incorporated herein by reference.

The Court set the hearing of said Motions for Preliminary Injunction for the 28th day of October, 1949, at 10 o'clock a.m. or as soon thereafter as counsel could be heard; and

Said Motions for Preliminary Injunction, including all supporting documents, affidavits, etc., together with notice of said date of hearing thereof, and a copy of said Temporary Restraining Order, were all duly and regularly served upon the parties by service upon their attorneys of record.

Thereupon, the hearing of Motions for Preliminary Injunction was duly and regularly continued by Order of this Court, made upon its own motion, because of physical impossibility for this Court to then hear said Motions for Preliminary Injunction because of the prior set Preliminary Injunctions and criminal trial matters then pending for prior hearing, in which this Court was at that time then engaged, and for other good cause;

The said hearing of said Motions for Preliminary Injunction was then re-set by Order of this Court, in the presence of said counsel, to be heard on Monday, the 7th day of November, 1949, at 10 o'clock a.m., or as soon thereafter as counsel could be heard, before Peirson M. Hall, Judge of the United States District Court, in Courtroom No. 3, in the Federal Building, in the City of Los Angeles, State of California; and

The Court then, upon its own motions, Good Cause Appearing Therefor, duly and regularly made and issued its Order, in the presence of said counsel, extending the said Temporary Restraining Order, and the restraints thereof, until midnight of Monday, November 7, 1949, or until further order

of said Court, copy of which "Order Extending Expiration Date and Restraints of Restraining Order" is attached hereto, marked Exhibit "C," and incorporated herein by reference.

Said Motions for Preliminary Injunction came on regularly for hearing on Monday, the 7th day of November, 1949, at 10 o'clock a.m., before Peirson M. Hall, Judge of the United States District Court, in Courtroom No. 3 in the Federal Building in the City of Los Angeles, State of California.

Then appearing in Courtroom No. 3 in the Federal Building in the City of Los Angeles, State of California, were counsel representing the various parties.

All other parties except those represented by the foregoing counsel, defaulted to said motions and notices thereof for Preliminary Injunction, and no appearances were made on behalf of any of said defaulting parties. Included among such defaulted parties are the following:

1. The defendants and cross-defendants Pioneer Investors Savings and Loan Association, Home Mutual Savings and Loan Association, California Savings and Loan Company, Thrift Federal Savings and Loan Association, San Francisco Federal Savings and Loan Association, Community Savings and Loan Association, Oakland Federal Savings and Loan Association, Citizens' Federal Savings and Loan Association, Berkeley Guarantee Savings and Loan Association, and Golden West Savings and Loan Association, and the defendant officers and directors of each of said defendant Associations.

2. The defendants Harold Lee Newendorp and Charles E. Bradley, defendants and cross-defendants.

3. The Land Title Insurance Company, defendant and cross-defendant.

4. The defendant and cross-defendant Home Indemnity Company.

5. The defendants and cross-defendants Ben A. Perham, William A. Davis, Fred J. Bradshaw, M. L. Carrier, I. W. Dinsmore, Douglas H. Driggs, R. G. Fremou, L. H. Hoffman, Guy E. Jaques, C. W. Leaphart, L. C. Wetzel, Gerrit Vander Ende, Paul Bartling, W. D. Hopping, J. W. Maxwell, W. O. McCaw, Worth D. Wright, Irving Bogardus, R. Floyd Hewitt, J. H. Andrews, C. N. Bloomfield, and P. C. Bulen, former and/or present officers and directors of the Federal Home Loan Bank of San Francisco.

Said Motions for Preliminary Injunction, together with some 18 other matters, on the calendar, were called for hearing, and the Court advised all counsel present that the criminal trial of the United States vs. Schwimmer, and others, in which the Court was presently engaged, and which contained certain international features, and involved the attendance of a great number of witnesses, had been set over until Wednesday, November 9, 1949, at 10 o'clock a. m., to permit hearing of said Motions for Preliminary Injunction to proceed as expeditiously as possible; the Court suggested that the Temporary Restraining Order previously issued be continued in force in all its provisions and restraints until midnight November 9, 1949, in order to give the parties an opportunity to be heard during regular Court hours.

The Court had been advised that the defendant Home Loan Bank Board had subsequent to the above-mentioned Order of October 28th, 1949, setting the matter for hearing in this Court at Los Angeles, California, on November 7th, 1949, at 10 o'clock a. m., postponed said Administrative Hearing to commence in Washington, D. C., at 10 o'clock a. m. on November 8th, 1949, twenty-one hours after the time set for beginning the hearings on said Motion in this Court at Los Angeles, and seven hours after the expiration of the said Temporary Restraining Order at midnight, November 7th, which was the expiration of the 20th day of the statutory limit as set forth by Rule 65(b), F.R.C.P., for temporary restraining orders. Melvin H. Siegel, Special Assistant, United States Attorney General, advised the Court that on behalf of the Home Loan Bank Board, and the other defendants represented by United States At-

torneys "they do not consent to such extension." The Court then continued said matters until 2:00 o'clock p. m., in order to dispose of other calendar matters.

At 2 o'clock p. m., on November 7, 1949, in Courtroom No. 3 of the United States District Court, at Los Angeles, California, hearing of said Motions for Preliminary Injunction was commenced and proceeded continuously except for recesses, until 3:30 a. m., of the morning of November 8, 1949.

Witnesses were called by, and testified on behalf of:

The plaintiffs, Shareholder Members Protective Committee;

The cross-claimant and third-party plaintiff, Long Beach Federal Savings and Loan Association;

3. That the following witnesses were called by, and testified on behalf of, various parties, including as to some of said witnesses, defendants Home Loan Bank Board, et al.:

1. Harold C. Rogers, former employee of third-party plaintiff and cross-claimant Long Beach Federal Savings and Loan Association;

2. Frank C. Noon, Manager of the Los Angeles Branch, of defendant and cross-defendant Federal Home Loan Bank of San Francisco;

3. Clifford F. Turner, examiner for the defendants Home Loan Bank Board, et al., Los Angeles District;

4. Granville Smith, certified public accountant of F. W. LaFrentz and Company, auditors for third-party plaintiff and cross-claimant Long Beach Federal Savings and Loan Association;

5. Ronald Walker, Special Master of United States District Court;

6. T. A. Gregory, President of third-party plaintiff and cross-claimant Long Beach Federal Savings and Loan Association.

That there were introduced into evidence on behalf of petitioners, for preliminary injunctions, the following exhibits:

11-7-49—No. 1.

Four pictures of May, 1946, run of withdrawals by shareholder depositors of said Association.

11-7-49—No. 2.

Was introduced in two sections. The first consisting of pages numbered 17, 17-

· The defendant and cross-claimant in interpleader, Title Service Company;

The defendant and cross-claimant in interpleader, George Turner;

The defendant and cross-claimant in interpleader, Robert H. Wallis; and

The defendants and cross-defendants, the Home Loan Bank Board, the Federal Savings and Loan Insurance Corporation, William K. Divers, J. Alston Adams, O. K. LaRoque, members of said Board, and trustees of said Corporation, and John H. Fahey, A. V. Ammann, and George K. Bramley, both individually, and in their representative capacity, and the Federal Home Loan Bank of San Francisco.

Both oral and documentary evidence was presented by, for, and on behalf of, all of the above mentioned parties.[3]

1, 17-2, and 17-3, with attached letter of six additional pages, consisting of "Certificate of Examiner," with attached affidavit of T. A. Gregory, President of third-party plaintiff and cross-claimant Association.

The second section was all of the remainder of Exhibit 2, which consisted of "Report of Examination, of Long Beach Federal Savings and Loan Association, as of close of business July 15, 1949," (conducted by Witness Clifford F. Turner, as examiner-in-charge). The title page of said Exhibit 2, read as follows:

"Docket No. 2905
Federal Home Loan Bank Administration
Examining Division
District No. Eleven
Report of Examination
of
Long Beach Federal Savings
and Loan Association
(Name of Institution)
328 American Avenue
(Street and Number)
Long Beach 12, California
(City and State)
As of Close of Business
July 16, 1949

The Following Pages Have Been Omitted From This Report Since They Are Either Not Applicable or Are Not Required:

Page 6—Statement of Reserves
Page 9—Contracts Subject to Comment
Page 10—Real Estate Owned
Page 11—Real Estate in Judgment
Page 13—Office Building"

The Motions were argued by counsel for the respective movants.

**11-7-49—No. 3.**

A photostatic copy of a receipt in the handwriting of, and signed by witness Clifford F. Turner, acknowledging delivery to him of affidavit of T. A. Gregory, part of Exhibit 2 above.

**11-7-49—No. 4.**

Penciled notes of Witness Turner, made during his examination of books, accounts, etc., of Long Beach Association, used by him as basis for examination and report as of July 15, 1949, Exhibit 3 above. The title page of said Exhibit 4, read as follows:

"Docket No. 2905
Federal Home Loan Bank
Administration
Examining Division
District No. Eleven
Report of Examination
of
Long Beach Federal Savings
and Loan Association
(Name of Institution)
328 American Avenue
(Street and Number)
Long Beach 12, California
(City and State)
As of Close of Business
July 16, 1949
The Following Pages Have Been Omitted from This Report Since They are Either Not Applicable or Are Not Required:
Page 6—Statement of Reserves
Page 9—Contracts Subject to Comment
Page 10—Real Estate Owned
Page 11—Real Estate in Judgment
Page 13—Office Building
(Inspected)
( G.K.D. )
(F.H.L.B.B.)"

**11-7-49—No. 5**

Copy of defendants Home Loan Bank Board, et al., Order No. 2015, dated September 9, 1949.

**11-7-49—No. 6.**

Copy of "More Definite Statement of the Causes for the Appointment on May 20, 1946, of the Conservator for Long Beach Federal Savings and Loan Association, Long Beach, California," dated May 29, 1946, and referred to and reincorporated by reference in arabic numeral No. 4 of defendants Home Loan Bank Board Order No. 2015, Exhibit 5 above.

**11-7-49—No. 7.**

Federal Home Loan Bank Administration Order No. 5254, dated May 20,

1946, purporting to appoint defendant A. V. Ammann as conservator for third-party plaintiff and cross-claimant Long Beach Federal Savings and Loan Association.

**11-7-49—No. 8.**

Defendants Home Loan Bank Board et al., Order No. 388, dated January 17th, 1948, rescinding Order No. 5254, Exhibit 7 above, requiring among other things, defendant Ammann as conservator to file accounting with United States District Court and ordering delivery of a certified copy of said Order No. 388 to said Court.

**11-7-49—No. 9.**

Order of this Court dated January 23, 1948, effectuating Home Loan Bank Board Order No. 388, Exhibit 8 above, removing defendant Ammann as purported conservator, requiring him to file accounting with this Court, and other matters contained in said Order.

**11-7-49—No. 10.**

Purported accounting of removed conservator defendant Ammann, filed pursuant to Orders, Exhibits 8 and 9 above, consisting of: (1) seven page certified document; (2) approximately 600 pages labeled report and examination; (3) approximately 200 pages labeled Inventory. (Estimated to contain approximately 150,000 items.)

**11-7-49—No. 11.**

Federal Home Loan Bank Administration Orders Nos. 5082, 5083 and 5084, all dated March 29, 1946, purported to merge, liquidate and dissolve cross-claimant Federal Home Loan Bank of Los Angeles, into defendant and cross-defendant Federal Home Loan Bank of Portland, and thereby create defendant and cross-defendant Federal Home Loan Bank of San Francisco.

**11-7-49—No. 12.**

(Blank)
Form MR–SCI
Office of the Governor
FHLB System
Budget Bureau No. 63–R–188.2
Approval Expires June 30, 1949.
Monthly Report
to the Board of Directors
of the
...........................................
Bearing certificate "I hereby certify that the above report was taken from the books and records of the said association as of the date indicated, and

Argument was presented by Melvin H. Siegel, Special Assistant United States At-

torney General, whose argument was adopted by all other counsel, representing all other respondents.

No further evidence, either oral or documentary, being offered, and all counsel desiring so to do, having argued, and the matter having been submitted, and the Court having considered the evidence, both oral and documentary, and from the verified motions, affidavits, evidence both oral and documentary presented, and matters produced at said hearing, and from the record, orders, judgments, pleadings and proceedings heretofore had in the instant matter, and in the above-entitled consolidated causes, and the Court therefrom and from said previous hearings, orders, findings and judgments, Now Finds:

1. That due and adequate notice of the time set for hearing of the said Motions for Preliminary Injunction was, and has been given, and that said notice, and the time given thereby, was, and is reasonable. That other than defendants and cross-defendants Home Loan Bank Board, et al., and defendants and cross-defendants Federal Home Loan Bank of San Francisco, no opposition to said motions was made or

to the best of my knowledge is true and correct.

[Seal] ....................
Secretary."

11-7-49—No. 13.

Graph showing gains and losses of shareholder depositors' accounts during periods prior to, during, and subsequent to, conservatorship of defendant Ammann.

11-7-49—No. 14.

Telegram from defendants Home Loan Bank Board, et al., to attorney for Long Beach Association, denying protests and advising that hearing under Order No. 2015, re appointment of receiver for said association, would proceed on October 25, 1949.

11-7-49—No. 15.

Long Beach Association's protests to defendants Home Loan Bank Board, against hearing under Order No. 2015 (Exhibit 5 above) for appointment of receiver for said Association.

11-7-49—No. 16.

Order of Preliminary Injunction of this Court, dated July 30, 1948, restraining further prosecution, pending trial of this action, or further order of this Court, of Action No. 28203-G, in the Northern District of California, United States District Court.

11-7-49—No. 17.

Letter from Assistant Attorney General of the United States, dated October 26, 1949, to Attorney for Long Beach Association, advising settlement no longer being considered by defendants Home Loan Bank Board or United States Attorney General's Office.

The Court Further Took Judicial Notice of All of the Records, Files, Pleadings, Documents and Other Papers in All Proceedings in These Matters.

That the following exhibits were offered into evidence but refused by the Court for the reasons appearing in the transcript:

Exhibit A.

Affidavit of Verne C. Bonnesteel, dated October 26, 1949, tendered for filing with the Court at 10:30 p.m., Monday, November 7th, 1949, notwithstanding an order by this Court to all counsel, made October 28th, 1949, that all affidavits should be filed at least two days prior to the hearing then set on November 7th, 1949.

Exhibit B.

Affidavit of R. J. Strecker, dated October 26, 1949, tendered for filing with the Court at 10:30 p.m., Monday, November 7th, 1949, notwithstanding an Order by this Court to all counsel, made October 28th, 1949, that all affidavits should be filed at least two days prior to the hearing then set on November 7th, 1949.

Exhibit C.

Examination and Report of Long Beach Federal Savings and Loan Association, as of May and October, 1946, approximately 2½ inches thick, estimated to contain 200 to 300 pages, offered into evidence at 10:30 p.m., November 7th, 1949, without prior examination or inspection by opposing or other counsel, other than that available during short court recesses during hearing which terminated at 3:30 a.m., Tuesday, November 8th, 1949. Said all night Court hearing was made necessary by refusal of party offering Exhibits A, B, and C above, to consent to continuances of Temporary Restraining Order, in order to permit Court hearing during regular court hours. (The twenty day limitation of Section [rule] 65(b), F.R.C.P. on duration of Temporary Restraining Orders expired at midnight, November 7th, 1949).

presented by any person or entity, whomsoever, or by any other parties to this action.

2. That it presently appears that said Association is now, and at all times has been, completely solvent; that no party to this litigation has ever in said litigation alleged said Association to be other than completely solvent. That said Association has never been alleged to be in default in the payment of any of its obligations, other than the disputed premium of $36,487.25, claimed to be due defendant Federal Savings and Loan Insurance Corporation re: premiums, which said sum of $36,487.25 is on deposit in the Registry of this Court in interpleader by said Association, pursuant to Order of this Court.

3. That on May 20th, 1946, defendant Ammann claiming he had been appointed as conservator of said Association, that same morning in Washington, D. C., did seize possession of said Association, its assets, premises and business, claimed to aggregate in value approximately $26,000,-000.00.

4. Thereafter, on May 27th, 1946, plaintiffs herein, acting as the Shareholder Members Protective Committee, (State 'of California license No. 80282–L.A.), commenced this litigation by filing their original complaint with this United States Court.

5. That plaintiffs' original complaint claimed the Act of Congress under which said seizure was alleged to have been authorized, was unconstitutional, sought injunctive relief, and the convening of a three-judge court, pursuant to then Section 380a, Title 28 United States Code [1948 Revised Judicial Code, 28 U.S.C.A. §§ 2282, 2284].

6. That it is alleged in plaintiffs, Shareholders Committee's complaints, amended and supplemental complaints, in Long Beach Association's cross-claims, amended and supplemental cross-claims, and in various other pleadings and motions of said, and other parties to this litigation, that the seizure, purported liquidation, merger and dissolution of the Los Angeles Bank, the similar seizure of the Long Beach Association, and all of the activities of defendants Home Loan Bank Board, Fahey, Ammann, et al., in connection therewith, were done fraudulently, maliciously, in bad faith, and without cause or justification whatsoever. It is further alleged that all of such matters were the result of a concerted conspiracy or scheme for the destruction of said institutions and the personal ruin of their officers and directors.

7. That the officers and directors of said Association filed with, and served upon defendant John H. Fahey, then Federal Home Loan Bank Commissioner, alleged to be the defendant who authorized said seizure, their demand for a "More Definite Statement" of the claimed grounds and causes for such seizure.

8. That on May 29th, 1946, said defendants issued their "More Definite Statement" [4] purporting to set forth the causes and grounds of said seizure.

4. "More Definite Statement of the Causes for the Appointment on May 20, 1946, of the Conservator for Long Beach Federal Savings and Loan Association, Long Beach, California.
T. A. Gregory,
350 East Fourth Street,
Long Beach 2, California.

The following is a more definite statement of the causes for the appointment on May 20, 1946, of a Conservator of the Long Beach Federal Savings and Loan Association:

1. Said Association, in the opinion of the Federal Home Loan Bank Administration, was conducting its business in an unlawful, unauthorized, and unsafe manner, and was pursuing a course that was jeopardizing and injurious to the interests of its members, creditors, and the public in that:

(a) During the period from September 11, 1945, to March 7, 1946, disbursements of funds of said Association totaling $14,500 were made to its President, T. A. Gregory, without proper voucher therefor, or explanation thereof in the

9. That on June 5, 1946, said defendants issued their Order No. 5309, setting for hearing at Los Angeles, California, on July 3, 1946, at 10 o'clock a. m., before a hearing officer whose name was not therein disclosed, the so-called Administrative records of the Association, itemized as follows:

September 11, 1945, T. A. Gregory _____$1000.00
October 22, 1945, Wired to T. A. Gregory, Wash., D. C. _____ 1000.00
November 5, 1945, Wired to T. A. Gregory, Wash., D. C. ____ 1000.00
November 24, 1945, T. A. Gregory _____ 1000.00
December 1, 1945, Wired to T. A. Gregory, Wash., D. C. ____ 2000.00
January 19, 1946, T. A. Gregory _____ 2000.00
January 31, 1946, Cash (Wired to T. A. Gregory) _____ 1500.00
February 20, 1946, Cash (Wired to T. A. Gregory at Wash., D. C.) _____ 2000.00
February 28, 1946, Cash (Wired to T. A. Gregory at Wash., D. C.) _____ 2000.00
March 7, 1946, Cash (Wired to T. A. Gregory at Wash., D. C.) _____ 1000.00

Total _____$14,500.00

(b) Disbursement totaling $14,500, itemized under (a), were used for purposes beyond the scope of the Association's business.

(c) Funds of the said Association totaling $2455.60 were disbursed to Howard S. Leroy, an attorney at law at Washington, District of Columbia, on or about January 30, 1946, January 31, 1946, and March 6, 1946, although said attorney had not been retained by the said Association, nor were such funds paid to said attorney for the handling of any business of the said Association, or otherwise for the benefit of said Association.

(d) The Board of Directors of said Association attempted in the following manner. to relieve T. A. Gregory from accountability to the said Association for its funds used by him for purposes beyond the scope of the said Association's business:

(1) The said Board of Directors, according to the minutes of a special meeting, dated January 16, 1946, voted to compensate T. A. Gregory retroactively in the sum of $11,750 for services rendered by him in 1945, for which the said T. A. Gregory had already been paid in accordance with the terms of his employment.

(2) The said Board of Directors, according to the minutes of the special meeting, dated January 16, 1946, voted to increase T. A. Gregory's salary from $8250 to $20,000 per year.

(3) On April 6, 1946, reimbursement of said Association's fund paid to T. A. Gregory and used by him for purposes beyond the scope of the Association's business, was recorded on the books of said Association by means of an offset against the purported liability of the Association to T. A. Gregory for the said sum of $11,750 and for the voted increase for the first three months of 1946.

(e) The Association, by vote of its Board of Directors, purportedly on January 16, 1946, undertook to compensate T. A. Gregory retroactively in the sum of $11,750 for services rendered by him in 1945, for which the said T. A. Gregory had already been paid in accordance with the terms of his employment, said purported retroactive salary increase being unlawful and unauthorized.

(f) The Association paid salaries and fees which were excessive and not commensurate with the services rendered.

(g) The Board of Directors of said Association on May 8, 1946, appropriated the sum of $100,000 of the funds of said Association for the purpose of restraining the proper use or safeguards and controls provided by the Congress of the United States with respect to Federal Savings and Loan Associations, and threatened the removal of said sum from the proper control of said Association.

(h) During the course of a regular examination commencing on May 18, 1946, by Examiners of the Federal Home Loan Bank Administration, a director and officer of the said Association unlawfully and improperly removed a cashier's check in the amount of $50,000, payable to the said Association and representing funds belonging to it, without accounting therefor.

(i) On or about May 8, 1946, the said Association, through its officers, executed a purported lease on a hotel property located at 322 American Avenue, Long Beach, California, owned by it to one George Turner for a 20-year period on terms, which, in effect, would give to the said Turner the use of said property without adequate consideration therefor to the said Association.

Hearing before said Federal Home Loan Bank Administration, or Commissioner, of the matters of said seizure.

10. The plaintiffs thereupon sought a temporary restraining order and preliminary injunction, restraining the holding of said hearing.

11. That on July 1, 1946, this Court issued its Temporary Restraining Order, restraining said hearing before said Federal Home Loan Bank Administration, of the matter of said seizure, until the convening of the said three-judge court, which had been ordered for July 15th, 1946. That said three-judge statutory court, pursuant to Section 380a, Title 28 United States Code, was convened at Los Angeles, California, on July 15th, 1946, and said Temporary Restraining Order, restraining said Administrative Hearing, was continued in force, pending decision by said three-judge court, of the matters argued and submitted to said three-judge court.

12. That on August 22, 1946, the Federal Home Loan Bank of Los Angeles, and six of its stockholder savings and loan associations, filed an action in this United States District Court, seeking restoration

(j) Said Association was being used for the personal gain of one or more officers and directors thereof, to the detriment of its members and creditors.

(k) Said Association, through its officers, engaged in activities which were inimical to the interests of veterans of the Armed Forces, including veterans of the Armed Forces who were members of the said Association.

(l) Certain directors of the said Association, namely: T. A. Gregory, J. E. Gregory, M. T. Killingsworth and S. I. Bacon, on or about May 18, 1946, undertook to convert, or attempted to convert. their shareholdings and other funds totaling approximately $21,000 into approximately 21,000 separate purported share accounts of $1.00 each, in violation of the rights of over 16,000 share account holders of said Association, and in violation, or attempted violation of their duties as directors.

(m) Said Association failed to file copies of audit of said Association made by F. W. LaFrentz & Co., Certified Public Accountants, Los Angeles, California, as of the close of business May 19, 1945, or thereabouts, as required by Section 203.2 of the Rules and Regulations for the Federal Savings and Loan System.

(n) The said Association failed to maintain its books of accounts and records correctly.

(o) The records or statements of the Association were falsified in that either

(1) The minutes of the Board of Directors' meeting of January 16, 1946, were falsified by the entry therein of actions by said Board purporting to have been taken increasing T. A. Gregory's salary from $8250 to $20,000 per year, and purporting to authorize the payment of $11,750 to T. A. Gregory as extra compensation for the year 1945, or

(2) The said Association's liabilities were misrepresented by the Board of Directors to the Federal Home Loan Bank Administration in monthly reports for the months ending January 31, 1946, February 28, 1946, and March 30, 1946.

2. Said Association, in the opinion of the Federal Home Loan Bank Administration, had a management which was unfit and unsafe to manage a Federal Savings and Loan Association in that, among other things,

(a) The matters set forth in sub-items (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), and (o) of Item 1 above are herein incorporated by reference.

(b) T. A. Gregory in 1934 (but only recently known to the Federal Home Loan Bank Administration) acquired control of the Reliable Building-Loan Association, Long Beach, California, and so manipulated its affairs that he was enabled to acquire, through the medium of Somerset Finance Co., a substantial number of certificates of the Reliable Building-Loan Association at a small fraction of their true value, and subsequently redeemed said certificates at the Reliable Building-Loan Association at their true value, while like treatment was denied to others, all to the detriment of the members of the said Reliable Building-Loan Association, and to his own personal gain.

(c) The officers of said Association failed to keep or cause to be kept the books of accounts and records of the Association correctly.

J. Aldrich Hall,

Attorney for Federal Home Loan Bank Administration."

Dated: May 29, 1946.

of said allegedly seized Los Angeles Bank, and recovery of the assets of said Bank. Said action being numbered herein 5678–(WM)–P. H., which action was in November of 1947, consolidated with this action.

13. Said action alleged that said Los Angeles Bank had been seized by defend-ants Ammann and Fahey, et al., and illegally and purportedly merged, dissolved and liquidated by three orders of defendants Federal Home Loan Bank Administration, Nos. 5082, 5083 and 5084.[5]

14. Said Association and plaintiffs al-lege that the resistence of said Association

5. [The following is attached to footnote 5. Case No. 5421—5678 P.II.
Mallonee vs. Fahey, Petitioner First Federal Savings and Loan Association, Wilmington.
Exhibit 2–27–50–10.
Date: Feb. 28, 1950; No. 2–27–50–10 Identification.
Date: Feb. 28, 1950; No. 2–27–50–10 In Evidence.
　　　　　Clerk, U. S. District Court,
　　　　　Sou. Dist. of Calif.
　　　/s/ S. W. Stacey,
　　　　　Deputy Clerk.
Being Footnote No. 5. Order for Pre-liminary Injunction Filed 12–1–49.]
　　　"Federal Home Loan Bank
　　　　　Administration
"Order No. 5082. Date March 29, 1946
"Whereas it has been and is hereby determined that the efficient and economical accomplishment of the purposes of the Federal Home Loan Bank Act, as amended [12 U.S.C.A. § 1421 et seq.], will be aided by the action contemplated herein; now, therefore,
"It is hereby ordered that effective March 29, 1946, the Federal Home Loan Bank of Los Angeles shall be liquidated and reorganized and all assets and property of any kind or nature of such bank, including any unexpended amounts in approved and outstanding budgets and personnel but excluding officers and directors, are hereby transferred to the Federal Home Loan Bank of Portland and all the liabilities and obligations of such Federal Home Loan Bank of Los Angeles are to be assumed by the Federal Home Loan Bank of Portland. The President of the Federal Home Loan Bank of Portland (hereinafter called Federal Home. Loan Bank of San Francisco) is hereby authorized and directed to execute, issue or sign in the name of the Federal Home Loan Bank of San Francisco as the Successor and legal assignee, of the assets, property, liabilities and obligations of the Federal Home Loan Bank of Los Angeles such instrument or instruments as may be necessary or advisable and to cancel, assign or otherwise dispose of in whole or in part, any lease under which the Federal Home

Loan Bank of Los Angeles has been bound or committed. All members of the Federal Home Loan Bank of Los Angeles are to become members of the Federal Home Loan Bank of Portland and the Federal Home Loan Bank of Portland (hereinafter called Federal Home Loan Bank of San Francisco) is ordered and directed to issue appropriate evidences of the ownership of all of the stock formerly held by the Federal Home Loan Bank of Los Angeles, including stock purchased and held on behalf of the U. S. Government. The charter of said Federal Home Loan Bank of Los Angeles is hereby cancelled.
"It is further ordered and directed that effective March 29, 1946, the said Federal Home Loan Bank of Portland shall move and is hereby moved to the City of San Francisco, California, and shall be known hereafter as the Federal Home Loan Bank of San Francisco. Subject to the Federal Home Loan Bank Act, as amended, and the charter and by-laws of the Federal Home Loan Bank of San Francisco, including right of dismissal, said bank shall have as its directors, officers, employees, attorneys, and agents the directors, officers, employees, attorneys, and agents transferred, elected, designated, or appointed, to, by or for the Federal Home Loan Bank of Portland for the calendar year 1946 and shall operate under the charter and by-laws used by the Federal Home Loan Bank of Portland until duly changed.
"It is further ordered and directed that effective March 29, 1946, and until changed by the Board of Directors of the Federal Home Loan Bank of San Francisco and approved by the Federal Home Loan Bank Administration, the said Federal Home Loan Bank of San Francisco shall maintain a branch of said bank in the cities of Portland, Oregon, and Los Angeles, California.
"It is further ordered and directed that in order to provide for adequate representation of the states in the Federal Home Loan Bank of San Francisco region, effective August 1, 1946, the terms of all directors of said bank shall expire

to the seizure of said Los Angeles Bank was the cause of the seizure, less than sixty days later, of said Long Beach Association, by defendant Ammann, by said Home Loan Bank Board Order No. 5254,[6] which is alleged by said Association to have been de-

and that prior to July 1, 1946, a new election of directors shall be held. The terms of all officers of said bank shall expire upon the designation by the Board of Directors after August 1, 1946, of new officers and their approval by the Federal Home Loan Bank Administration. In such election and in future elections of the Federal Home Loan Bank of San Francisco the states of Nevada and Arizona shall constitute one state with the right of minimum representation to be alternated ·between each of said states within the rules and regulations and orders of the Federal Home Loan Bank System providing for a minimum representation from each state in a Federal Home Loan Bank district. On or before July 1, 1946, the Federal Home Loan Bank Administration shall appoint or reappoint four public-interest directors whose terms shall begin August 1, 1946, but shall end respectively December 31, 1946; December 31, 1947; December 31, 1948; and December 31, 1949.

"It is further ordered and directed that the Federal Home Loan Bank of San Francisco shall take such other action subject to the approval of the Federal Home Loan Bank Administration as may be necessary or desirable for the effective operation of the Federal Home Loan Bank of San Francisco.

.  *  *  *  *  *  *

"I hereby certify that the above is an order issued by the Federal Home Loan Bank Administration on March 29, 1946.

"[Seal]        /s/  A. V. Ammann,
        "Assistant Secretary."

---

"Federal Home Loan Bank
Administration
"Order No. 5083.
"Date March 29, 1946

"Pursuant to Section 3 of the Federal Home Loan Bank Act as amended [12 U.S.C.A. § 1423], and the powers vested in me by law, the district of the Federal Home Loan Bank of Portland is readjusted and shall have added thereto the states of Arizona, California, and Nevada, and the Territory of Hawaii.

"The said Federal Home Loan Bank of Portland is moved to San Francisco and shall be known as the Federal Home Loan Bank of San Francisco.

*  *  *  .  *  *

"I hereby certify that the above is an order issued by the Federal Home Loan Bank Administration on March 29, 1946.
"[Seal]        /s/  A. V. Ammann,
        "Assistant Secretary."

---

"Federal Home Loan Bank
Administration
"Order No. 5084. Dated March 29, 1946.
"Pursuant to Section 25 of the Federal Home Loan Bank Act, as amended [12 U.S.C.A. § 1445], and the powers vested in me by law the Federal Home Loan Bank of Los Angeles is dissolved.

*  *  *  *  *

"I hereby certify that the above is an order issued by the Federal Home Loan Bank Administration on March 29, 1946.
"[Seal]        /s/  A. V. Ammann,
        "Assistant Secretary."

6.        "Federal Home Loan Bank
Administration
"Order No. 5254. May 20, 1946
"Whereas, it has been determined that the Long Beach Federal Savings and Loan Association, Long Beach, California:

is conducting its business in an unlawful manner;

is conducting its business is an unauthorized manner;  .

is conducting its business in an unsafe· manner;

has a management which is unsafe to manage a Federal Savings and Loan Association;

has a management which is unfit to manage a Federal Savings and Loan Association;

is pursuing a course that is jeopardizing the interests of its members;

is pursuing a course that is jeopardizing the interests of its creditors;

is· pursuing a course that is jeopardizing the interests of the public;

is pursuing a course that is injurious to the interests of its members;

is pursuing a course that is injurious to the interests of its creditors; and

is pursuing a course that is injurious to the interests of the public; and

"Whereas, it has been determined to be in the interest of said association, its members, creditors, and the public to appoint a conservator to take possession of said association and to conserve its assets pending further disposition of said association and its affairs;

livered to them on the date of said seizure on May 20th, 1946, as set forth in footnote No. 6.

15. That thereafter on September 30, 1946, the three-judge court made and entered its judgment, which continued in force, the injunction against said Administrative Hearing. That said injunction remained in force during the pendency of the appeal, by certain of the defendants to the United States Supreme Court, and was vacated by order of this Court on November, 1947, following the spreading of the remand by the United States Supreme Court upon the minutes of this Court.

16. That thereafter defendants Home Loan Bank Board, successors to the Federal Home Loan Bank Administration, or Federal Home Loan Bank Commissioner, reset the said Administrative Hearing, for December 15th, 1947, in Washington, D. C.

17. That thereafter plaintiffs Shareholder Members Protective Committee, representing the alleged 16,000 shareholder depositors of said Association, and said Association itself, filed their protests of said Administrative hearing with the Home Loan Bank Board, and copies of said protests were filed with this Court on December 4th, 1947.

18. That thereafter said protests were granted and said Administrative Hearing set for December 15, 1947, was, by said defendants Home Loan Bank Board, postponed indefinitely.

19. That thereafter defendants Home Loan Bank Board, on January 17th, 1948, adopted and ordered delivered to this Court, their Order No. 388,[7] which among other things, rescinded previous Order No. 5254, under which said defendant Ammann seized such Association, directed defendant

"Now, therefore, A. V. Ammann is hereby appointed Conservator for the Long Beach Federal Savings and Loan Association, Long Beach, California, to take possession of said association and to conserve its assets pending further disposition of said association and its affairs; and, as such Conservator, to have and exercise all the powers and rights, enjoy all the privileges, and assume and perform all the duties and responsibilities of his office accorded or imposed by law, the Rules and Regulations for the Federal Savings and Loan System, and orders issued by the Federal Home Loan Bank Administration, or otherwise.

"I hereby certify that the above is an order issued by the Federal Home Loan Bank Administration on May 20, 1946.

"A. V. Ammann,
"Assistant Secretary."

7.         "Home Loan Bank Board
"No. 388.  Date January 17, 1948
"Be It Hereby Resolved that the Federal Home Loan Bank Administration Order No. 5254 appointing a Conservator for the Long Beach Federal Savings and Loan Association be and the same is hereby rescinded, such rescission to become effective upon the request of the shareholders of said Association through their authorized representative that the assets of said Association of any and every nature whatsoever belonging to or pertaining to said Association togeth-

er with all books, records and accounts of every nature pertaining to said Association be delivered to such shareholders upon demand made through their authorized representative.

"Be It Further Resolved that the Conservator be and he is hereby authorized and directed to deliver all of the aforesaid assets, records and books of any and every nature to said shareholders through their authorized representative and to make a full and complete accounting to said shareholders for all assets and liabilities of any and every nature pertaining to said Association, and a copy of such accounting be filed with the District Court of the United States, in and for the Southern District of California.

"Be It Further Resolved that the Conservator be, and he is hereby directed, to make available for inspection at the office of the Association all of the records and books of said Association to counsel for the Shareholders' Committee or an agent of the shareholders of said Association, or to a representative of the District Court of the United States, in and for the Southern District of California, Central Division.

"Be It Further Resolved that a certified copy of this resolution be forthwith delivered to the above-named Court and to counsel for each of the parties of record in actions numbered 5254 P.H. and 5678 (WM) PH in said Court, except counsel for Intervenors in said actions,

Ammann to deliver back to said Association, its assets, books and business, and ordered that he account with the shareholders of said Association, and file a copy of such accounting with this Court.

20. That after hearings at which said Order No. 388 was considered by this Court, and at which defendants Home Loan Bank Board, et al., were represented, this Court made its Order, dated January 23, 1948, (Exhibit A hereof), among other things, removing defendant Ammann as conservator of said Association, and ordered him to render his accounting herein.

Said Order of this Court, (Exhibit A hereof), among other things, required a special election of directors of said Association of the shareholder depositors thereof, under the supervision of a Special Master [8] of this Court.

and that a copy be furnished to the Conservator.

\*    \*    \*    \*    \*

"[Seal]    By The Home Loan Bank Board,
"/s/ J. Francis Moore,
"Secretary."

8. On January 23, 1948, a special master was appointed by this Court to assist in the transfer of the many thousands of separate items constituting the $26,000,000.00 in assets of said Association, upon the removal of defendant Ammann as conservator thereof, and to hear the matters of the accounting of said removed purported conservator Ammann for his approximately twenty months dealing with said $26,000,000.00 in assets of said association.

Said special master was also ordered to, and did, conduct a special election on shareholder depositors of said Association because no such election had been conducted during the nearly two years said removed conservator Ammann had been in possession of said Association, its business and affairs. In December of 1948, the Court granted an Order for discovery involving inspection of the books, accounts, and records of defendant and cross-defendant San Francisco Bank. Said bank maintained branches in Portland, Oregon, and Los Angeles, California, and has its main office at San Francisco, California. Said discovery was granted by this Court to enable said Association and plaintiffs to obtain evidence to present in opposition to motions for summary judgment, filed and urged by defendants and cross-defendants San Francisco Bank, et al., and the approximately eighty officers and directors of the "Northern Ten" Associations, defendants and cross-defendants. Its assets alleged to exceed $100,000,000.00 likewise comprised many thousands of items which books, records and accounts were voluminous and many of them were claimed by said bank to be confidential. In order to facilitate such inspection and yet to preserve for ruling by this Court the questions of the claimed confidential matters, the powers of the special master were on December 2, 1948, enlarged to include supervision of such inspection and reporting thereon to this Court.

The report of said Special Master filed April 9, 1948, discloses that approximately 564 separate receipts comprising lists and check sheets of many additional pages attached to each receipt were obtained for the transfer of said assets of said removed conservator to the officers and directors of said association. The report also discloses several thousand files were so transferred and a microfilming of approximately 70,000 documents was made to preserve disputed records passing from the possession of one litigant, into the possession of another litigant pursuant to order of this court.

Pursuant to the Order of appointment of said Special Master, by the Order of January 23, 1948, of this Court, restoring said Association to the operation and control of its officers and directors, a special election of directors of said Association by vote of the shareholder depositors thereof, was conducted under the supervision of said Special Master on July 28, 1948. A report of the Special Master, (filed with this Court on March 3, 1949, and heard March 22, 1949, and approved and ratified by order of this Court, dated March 25, 1949, to which report and order reference is made for all further particulars), discloses that at such election the directors in possession of said Association May 20, 1946, (at the time of the seizure by defendant Ammann, as purported conservator), were unanimously re-elected by the shareholder depositors of said Association without a single dissenting vote. Said re-elected directors are alleged to be the same directors who founded said Association in 1934, with an alleged original capital of $7,500.00. Two of the

21. That as a requirement of the Order of this Court removing defendant Ammann as purported conservator from the possession and control of the assets, business and affairs of said Long Beach Federal Savings and Loan Association, this Court ordered that a $1,000,000.00 surety company bond be filed by the officers of said Association with this Court as security during the time they were in such possession and control of the assets, affairs and business of said Association under said Order of this Court.

The said bond remains on file with this Court in full force and effect. That neither defendants Home Loan Bank Board, et al., or any other person whomsoever, has ever made application to this Court for any recourse on said bond or said Order of this Court, nor have they, nor has any one, made any charges of wrong-doing or misconduct on the part of said association, or its officers and directors, on which this Court could direct proceedings against said bond.

22. That said Ammann, defendant herein, has filed with this Court, what he claims to be the accounting [9] required by said Order No. 388 of the Home Loan Bank Board.

seven founding directors had died and have been replaced by their successors. It is claimed that under their management said Association grew in twelve years to have assets in excess of $26,000,000.00, and to have a surplus in undivided profits at the time of said seizure of $1,300,000.00.

Said report of Special Master also discloses that notice of such special election was individually mailed to all of the shareholder depositors, as well as published in the local newspapers.

9. That by the terms of Order No. 388 adopted by defendants Home Loan Bank Board on January 17, 1948, the said conservator Ammann was ordered to:

"Make a full and complete accounting to said shareholders for all assets and liabilities of any and every nature pertaining to said Association and a copy of such accounting be filed with the District Court of the United States, in and for the Southern District of California."

That by Order of this Court, dated January 23, 1948, said defendant Ammann was ordered to:

"Make a full and complete accounting to said shareholders for all assets and liabilities of any and every nature pertaining to said Association, and to file a copy of such accounting with the District Court of the United States in and for the Southern District of California, within 120 days after the date of this Order, or such further time as may be allowed by the above-entitled court."

That by various extensions of time granted by said Court, said accounting was not filed until September 27, 1948. That due to representations to the Court by almost all parties of the pendency of settlement negotiations, between the parties to this litigation, which settlement negotiations, if successful would have obviated the necessity of objections to such accounting and to hearing upon such objections, the time for filing of objections to such accounting by the parties litigant has been, by order of this Court, extended by various extensions, and is now set for December 15, 1949.

Said accounting, so filed by the said Ammann, covers approximately 600 pages of legal size paper, with items single spaced thereon, approximately 60 to 64 items to a column and with a minimum of four columns on most of such pages. That it is estimated (by computation of the number of pages and the number of columns and the number of items) that there are approximately 150,000 items contained in said accounting.

That each of the various items of such accounting are affected by the alleged liability of various defendants and cross-defendants on issues of the litigation, including, but not limited to:

(1) As to whether or not the Association is, or is not, indebted at all, on the $6,300,000.00 in notes, now on deposit in this Court;

(2) The question of whether or not, if it is indebted, to whom it is indebted, and the sum of such indebtedness;

(3) The question of the validity of all of the acts performed by said Conservator during the period of his possession of said Association, not only with reference to the things specifically alleged in the pleadings, but also with particular relation to the accounting of said conservator ordered by the Board and by this Court, and which accounting has not yet been completed;

(4) The question of the alleged conversion of approximately Eleven Million Dollars, ($11,000,000.00) in face value, of United States Government Bonds, together with any damages that may or may

and the Order and judgment of this Court of January 23, 1948. That said purported accounting consists of approximately 600 single spaced pages, together with an inventory of another approximately 200 pages, comprising approximately 150,000 separate items, and was filed on September 27, 1948.

23. That negotiations for the compromise of all of said litigation were actively engaged in by some or all of the parties, including defendants Home Loan Bank Board, its members, et al., immediately following the restoration of said Long Beach Association by order of this Court, January 23, 1948. Said settlement negotiations,[10] proceeded thereafter at times intermittently, and during the year of 1949, almost continuously. That in reliance upon

not have resulted from such alleged conversion, by certain defendants among which are the San Francisco Bank, the Home Loan Bank Board, said Fahey, Ammann, Federal Savings and Loan Insurance Corporation;

(5) The question as to the purchase during the period of said conservatorship of approximately 6,000 shares of stock in the San Francisco Bank, at an alleged cost of $60,000.00 of Association's money;

(6) The validity of the proposed $90,000.00 charge against the Long Beach Association, proposed to be made for the cost and expense of said conservatorship, and in addition thereto, the approximately $73,000.00 already paid on account, by defendant conservator, of such charges and expenses;

(7) The question of the liability, if any, for making what is alleged by said Association to be loans in the sum of approximately $4,000,000.00 by said Conservator, and any losses in connection with said loans by virtue of their extension thereof, or reduction of interest rates, or other changes in the terms of payment;

(8) The question of the validity of the endorsement by said Ammann as conservator of approximately $12,000,000.00 in deeds of trust and notes to the San Francisco Bank;

(9) The question of the ownership of approximately $5,300,000.00 of bonds on deposit in this Court, with accrued coupons, and the sum in excess of $1,000,000.00 now on deposit in the Registry of this Court;

(10) The ownership of the $50,000.00 check deposited in Court by said defendant and cross-claimant in interpleader Robert H. Wallis;

(11) The question of the amount of insurance premiums due the Federal Savings and Loan Insurance Corporation, and the insurance premiums heretofore paid by said conservator; and

(12) The question of liability among defendants and cross-defendants Home Loan Bank Board, Federal Savings and Loan Insurance Corporation, and the other defendants, including the trustees of said insurance corporation and the members of said Home Loan Bank Board, for the damage claims, of approximately $20,000,000.00 alleged against said defendants and cross-defendants, by said Long Beach Association.

10. That on September 1, 1949, First Federal Savings and Loan Association of Wilmington, one of the plaintiffs in Action No. 5678, moved this Court for its order requiring the other parties to the litigation to report to the Court in writing and serve upon all other parties, their written statements as to the progress of settlement negotiations, the matters in which they were in agreement and other information concerning such settlement negotiations.

That the Court, on September 14, 1949, granted part of such petition of said Wilmington Association, and ordered the parties as follows:

"It is Hereby Ordered That: All of the parties present in court, or all parties who were notified of said hearing, are directed to file not later than October 10, 1949, and serve on all counsel a statement in writing, but not under oath, advising this Court upon the following matters:

"1. Progress which has been made in settlement negotiations of the above litigation;

"2. The present status of such settlement negotiations;

"3. The point or points or subjects upon which the parties have agreed, if any;

"4. The point or points or subjects upon which all or some of the parties remain in disagreement."

That the following parties responded to said Court's Order:

1. Plaintiffs Shareholders Committee;
2. Long Beach Association;
3. Los Angeles Bank;
4. San Francisco Bank;
5. Roy E. Hegg;

repeated representations made to this Court by all parties, the Court had not acted upon many of the motions and things, which were pending and which concerned or may have affected the main issues in litigation, in order to enable parties to conduct their negotiations for settlement, and settle, if possible, this litigation which, except for the public interest, involves ultimately, the rights of individual persons, whose money is entrusted to public depositories, either directly or indirectly.

That on September 1, 1949, First Federal Savings and Loan Association of Wilmington, one of the plaintiffs in consolidated action No. 5678–P.H., moved this Court for an order upon all parties, to disclose to the Court, the progress and present status of negotiations, making the return date on said motion September 12, 1949. That the records and files herein show that service of said motion for settlement, report, etc., was made upon the Home Loan Bank Board by service upon its counsel of record, to wit, the United States Attorneys Office, on September 1st 1949. That thereafter on September 9, 1949, the Home Loan Bank Administration issued its Order No. 2015. That it appears from the files and records made in response to said motions for progress concerning settlement, etc., and from the files and records herein, and by repeated representations to this Court, that at all times, until September 12th, 1949, it appeared that active and actual negotiations for settlement were going on between some or all of the parties.

24. That defendants Home Loan Bank Board, et al., issued their Order No. 2015,[11] on September 9th, 1949, ordering the Long

6. Robert H. Wallis;
7. Title Service Company;
8. George Turner.

That Home Loan Bank Board, et al., and the so-called official defendants, did not file such a response, but instead filed a letter stating in substance that there were no settlement proposals submitted to them.

That from such reports of settlement negotiations, it appears as follows:

(a) That active negotiations between the parties for settlement and compromise of such litigation were actively in progress shortly after the restoration of the founding management of the said Association to the possession of the Association's assets, business and affairs. That a major conference on such settlement took place in Washington, D. C., on February 23rd to 27th, 1948, in the offices of defendant Home Loan Bank Board.

(b) That another major conference took place in Portland, Oregon, on January 12, to 14, at which the Chairman of the Home Loan Bank Board, defendant William K. Divers, participated and announced that the litigation had been settled and compromised, at which conference a resolution of the Board of Directors of the defendants San Francisco Bank and concurring resolutions of stockholders committee of Los Angeles Bank were adopted. Full text of such resolutions and complete details, listing of conferences, dates held, parties present, and where such conferences took place, will be found in the 101 pages of Exhibit C of Report on Settlement, and in such report, filed by third-party plaintiff and cross-claimant Long Beach Association on October 10, 1949.

(c) That by letter dated October 26, 1949, defendants Home Loan Bank Board, et al., stated "the proposal is not acceptable to the Board and does not provide any basis in principal for further negotiations." See Exhibit 11-7-49 No. 17, in evidence on hearing of November 8, 1949.

11. [The following is attached to footnote 11.
Case No. 5421—5678 P.H.
Mallonee vs. Fahey, Petitioner First Federal Savings and Loan Association of Wilmington.
Exhibit 2–27–50–11.
Date: Feb. 28, 1950; No. 2–27–50–11 Identification.
Date: Feb. 28, 1950; No. 2–27–50–11 In Evidence.

Clerk, U. S. District Court, Sou. Dist. of Calif.
/s/ S. W. Stacey, Deputy Clerk.

Being footnote No. 11, of Order for Preliminary Injunction filed 12–1–49.]
"Home Loan Bank Board
"No. 2015
"Date: September 9, 1949
"Whereas it appears to the Home Loan Bank Board that:
"1. The Long Beach Federal Savings and Loan Association, Long Beach, Cali-

Beach Federal Savings and Loan Association, (cross-claimant and third-party plaintiff herein) among other things to appear and show cause, if any it had, why the Federal Savings and Loan Insurance Corporation, (defendant herein) should not be ap-

fornia, has failed to file the monthly and annual reports required by the Rules and Regulations for the Federal Savings and Loan System;

"2. Said Association has failed and refused to furnish an affidavit of its president or secretary or other officer that, to the best of his knowledge and belief, the books of said Association correctly reflect the financial condition thereof, as required of all Federal savings and loan associations;

"3. Said Association has failed to pay the premiums for insurance of its accounts and the installments thereon due and payable on or about June 5, 1948, December 5, 1948, and June 5, 1949, in the total amount of $36,487.25, in violation and disregard of the statutes of the United States, the Rules and Regulations for Insurance of Accounts, and its contract with the Federal Savings and Loan Insurance Corporation;

"4. Said Association and its officers have committed and are committing other violations of law and regulations, including violations set out in the More Definite Statement submitted to said Association on May 29, 1946, and have pursued and are pursuing a course that is jeopardizing and injurious to the interests of its members, creditors, and the public;

"It is Hereby Ordered, pursuant to the authority vested by law in the Home Loan Bank Board and pursuant to the Rules and Regulations for the Federal Savings and Loan System, that the Long Beach Federal Savings and Loan Association, Long Beach, California, appear at a hearing, as hereinafter provided, and show cause, if any it have, why the Home Loan Bank Board should not, for the reasons hereinbefore stated, enter its order or orders for such action as it deems necessary or appropriate, including the appointment of the Federal Savings and Loan Insurance Corporation as receiver for said Association;

"And It Is Further Ordered that said hearing be held before the Home Loan Bank Board or a member thereof or before a Hearing Officer of this Board, as shall be determined by the Board, and be convened at 10:00 o'clock a.m. on October 25, 1949, in Room 831, Federal Home Loan Bank Board Building, 101 Indiana Avenue, N.W., Washington, D. C. The Board or member thereof, or the Hearing Officer who presides at said hearing is hereinafter referred to as Presiding Officer;

"And It Is Further Ordered that the Presiding Officer shall have complete charge of the hearing and shall have authority to: administer oaths or affirmations; receive, admit, allow, exclude and deny petitions, motions, and evidence; limit the time within which briefs and reply briefs may be filed and require the furnishing of copies thereof to other parties; make rulings and note objections; hear arguments, adjourn the hearing from time to time and from place to place; and do all such things and exercise all such powers as are necessary or proper to the orderly conduct of the hearing;

"And It Is Further Ordered that any person, partnership, association, or corporation claiming to have an interest in the subject matter involved may, at any time before the closing of the hearing, file with the Presiding Officer a petition for leave to intervene at said hearing;

"And It Is Further Ordered that the Long Beach Federal Savings and Loan Association, the Home Loan Bank Board, and any party whose petition for intervention has been allowed, shall have the right, by counsel or otherwise, to appear and be heard at the hearing, to produce, examine and cross-examine witnesses, to introduce documentary or other evidence, and to file briefs and reply briefs;

"And It Is Further Ordered that if the Presiding Officer is a member of the Board or a Hearing Officer of the Board he shall, after the close of the hearing, make Proposed Findings of Fact which he shall file as promptly as possible with the Secretary to the Home Loan Bank Board together with (1) the complete transcript of testimony taken, and any exhibits, briefs, or other material incorporated in the record of said hearing, and (2) the certificate of the Presiding Officer that he has mailed, by registered mail, a copy of the said Proposed Findings of Fact to the Long Beach Federal Savings and Loan Association, Long Beach, California;

"And It Is Further Ordered that the Secretary or an Assistant Secretary to the Home Loan Bank Board, promptly upon the filing of said Proposed Findings of Fact and said transcript, advise all parties, by registered mail, return receipt

pointed a receiver of said Long Beach Federal Savings and Loan Association; said hearing was, by the terms of said Order, to commence on October 25, 1949, at 10 o'clock a. m., in Washington, D. C.

25. The plaintiffs herein, the Shareholder Members Protective Committee, and the Long Beach Federal Savings and Loan Association, cross-claimant and third-party plaintiffs herein, thereafter filed their written Protests to the holding of said proposed administrative hearing, with the Home Loan Bank Board, and the members thereof, copies of which Protests were filed concurrently with this Court.

26. On October 14, 1949, the defendant Home Loan Bank Board, (defendant herein) advised the protestants that said Protests were denied and that the hearing, pursuant to Home Loan Bank Board Order No. 2015, (see footnote No. 11), would proceed on October 25, 1949.

27. That on October 17, 1949, the said Motions for Preliminary Injunction and for Temporary Restraining Order, were filed herein, and hearing on said Motions for Preliminary Injunction were set to be heard in Los Angeles, California, on Friday, October 28, 1949, commencing at 10 o'clock a. m.

28. That Temporary Restraining Order, (Exhibit "B" hereof) was issued by this Court on October 18, 1949, to expire on October 28, 1949.

29. That said Home Loan Bank Board thereafter continued the hearing ordered by its Order No. 2015 from October 25th, 1949, to Tuesday, November 1st, 1949, to commence at 10 o'clock a. m., in Washington, D. C.

30. That on October 28th, 1949, good cause appearing therefor, hearing on said Motions for Preliminary Injunction was, by the Court, continued to commence at Los Angeles, California, at 10 o'clock a. m., on Monday, November 7th, 1949.

31. That on October 28th, 1949, said Temporary Restraining Order, good cause appearing therefor, was extended in full force and effect, by Order of this Court, upon its own motion, to expire at midnight, November 7th, 1949, a copy of which Order is attached hereto and marked Exhibit "C."

32. Thereafter said Home Loan Bank Board, (defendant herein) continued the hearing ordered by its Order No. 2015, from November 1st, 1949, to November 8th, 1949, to commence at 10 o'clock a. m., in Washington, D. C., twenty-one hours elapsed time after the hour set by this

---

requested, of the filing thereof, and make such Proposed Findings of Fact and such transcript available for inspection by any party at a price which will cover the reasonable cost of preparation, as determined by the Secretary;

"And It Is Further Ordered that the Secretary to the Home Loan Bank Board shall receive for the consideration of the Home Loan Bank Board objections of parties to the said Proposed Findings of Fact, provided that said objections are received within forty-five days from the date on which the said Proposed Findings of Fact are filed by the Presiding Officer with the Secretary to the Home Loan Bank Board as hereinbefore provided;

"And It Is Further Ordered that within a reasonable time after the expiration of the time for filing objections to the Proposed Findings of Fact or, if the hearing is held before the Board, within a reasonable time after the close of the hearing, the Board will make a final determination and enter its order or orders thereon;

"And It is Further Ordered that notice of said hearing be served by the Secretary to the Home Loan Bank Board by mailing a copy of this Order, by registered mail, to the Long Beach Federal Savings and Loan Association, 328 American Avenue, Long Beach, California, to Thomas A. Gregory, c/o Long Beach Federal Savings and Loan Association, 328 American Avenue, Long Beach, California, to J. E. Gregory c/o Long Beach Federal Savings and Loan Association, 328 American Avenue, Long Beach, California, and to Ethel L. Roberts, c/o Long Beach Federal Savings and Loan Association, 328 American Avenue, Long Beach, California.

"By The Home Loan Bank Board,
"/s/ J. Francis Moore,
"Secretary."

Court to hear the within motions, and seven hours elapsed time after the time set for said Restraining Order's Expiration thereof.

33. That from time to time, throughout hearings on said Motions for Preliminary Injunction, which concluded at 3:30 o'clock a. m., November 8th, 1949, in Los Angeles County, California, the said Home Loan Bank Board, acting by and through its counsel appearing of record, Melvin H. Siegel, declined either to request said Board to continue said hearing for a period of forty-eight hours, or at all, and also declined to consent to the continuance in force, of said Temporary Restraining Order for a period of forty-eight hours, or at all, reserving all objections to jurisdiction, so as to enable the undersigned Court, and counsel and witnesses, to hear and determine the matter in regular court hours.[12]

34. That the injuries threatened by the actions and proceedings hereby enjoined pending trial on the merits, or further order of this Court, are:

(a) Undermining of public confidence and faith in the Long Beach Federal Savings and Loan Association, which was, pursuant to Order No. 388, (see footnote No. 7), dated January 17th, 1948, and filed with this Court as directed therein, and by orders of this Court, taken from the possession and control of the defendants threatening such action by Order No. 2015, and restored to the possession and control of its officers and directors, elected and selected by the shareholders, in the manner required by the pertinent law, rules and regulations, and by Order of this Court, (see footnote No. 8);

(b) That regardless of any outcome of said hearing, it would cause and precipitate such fear in such shareholders and depositors as to possibly and probably cause another run of excessive withdrawals, and cause great and irreparable damage to said Association and its shareholders and depositors.

That it appears from the records and files herein, and is not controverted, that immediately following the acts of said Ammann in taking possession of said Association and its assets on May 20th, 1946, a run of withdrawals occurred upon said Association, which amounted to approximately $10,000,000.00, ($6,000,000.00 of which occurred within the first six days following said seizure); that following the restoration of said Association, pursuant to said Order No. 388 and Orders of this Court, to the management of the regularly elected officers and directors of said Association, the recapture of withdrawal deposits was made, so that on July 15th, 1949, said $10,000,000.00 run of withdrawals had been replaced by new shareholder deposits aggregating approximately $10,000,000.00 by said date.

(c) The clouding and rendering unmerchantable, the title to the homes of the approximately 8,000 borrowers from said Association. Said titles were so clouded and made unmerchantable, except through the process of this Court in this Action, for nearly two years, following said previous seizure, all as more fully appears in the various interpleaders and interventions involving and affecting the title to all of said parcels, as well as the loans thereon, (see footnote No. 15, for description of interventions);

(d) The imposition by defendants, on other parties to the action, of possible penalties for possible default to proceedings at the hearing called by said Home Loan Bank Board's Order No. 2015, without regard to the rights of the parties to this litigation to be yet determined;

12. Rule 65(b), by its terms, fixes a maximum limit of jurisdiction to a district court, to continue in force, a temporary restraining order for twenty days. The question as to whether or not the Federal Rules of Civil Procedure do limit the jurisdiction of a United States District Court, sitting as a court of equity, has not yet been decided by the Supreme Court, and while that question may have been present in this case, so many other questions were involved, that the court would not have time to consider it and does not deem it necessary to do so, in view of the fact that the hearings were concluded and the injunction must issue.

(e) The actions, orders, proceedings, directives, or decrees, which might be made or take place at such hearing, or hearings, by parties defendant in this litigation which would interfere with, impede, harass, and obstruct the process, orders and judgments of this court;

(f) That to require the officers, witnesses, interested parties, and attorneys, together with such records and documents as may be necessary to produce at said hearing to travel to Washington, D. C., approximately 3,000 miles distant from Los Angeles, California, would constitute a needless burden and a needless duplication of the trial process of this Court and a multiplicity of actions.

That each and all of said parties may, in the protection of their rights, desire to intervene in said hearing, and may or may not be, by law, entitled to intervene in said hearing. That to compel them to proceed to Washington, D. C., for the purpose of presenting a petition for intervention, or to attend said hearing, would be a needless and burdensome expense upon each and all of them.

(g) That said Association has approximately 16,000 shareholder depositors and loans upon the homes of approximately 8,000 borrower members signed as obligors on notes covering approximately 4,000 parcels of property. That all of said shareholder depositors, and borrowers, with few exceptions, are residents within the area of the Southern District of California, and all of the parcels of property securing the loans of said borrowers, lie within fifty miles of the home office of said Association, and within the Southern District of California.

That each and all of said approximately 24,000 depositors and borrowers are parties who have a genuine interest in said Administrative Hearing, directed by said Order No. 2015, and in any and all actions which may or might be done thereunder, or in connection therewith.

That in addition to the said shareholder depositors and borrowers of said Association, the process of this Court has been served upon approximately 400 persons, firms, associations or corporations, in one or more of the various and numerous proceedings, motions, and the like, which have heretofore been had in this proceeding, all of whom except for said Fahey, Ammann, Bramley, and the present members of the Home Loan Bank Board, reside in, or have their places of business in the Pacific Coast area, and that any or all of said parties may have an interest in said Administrative Hearing, or any acts done in connection therewith.

That with few exceptions, all of the counsel appearing in the instant matters, and heretofore appearing in the various proceedings heretofore had, reside in, and have their offices and records in and about the City of Los Angeles.

That the home office of said Association is at Long Beach, California, at which place all of its books and records are kept, and that any or all of said books and records may become convenient or necessary in the conduct of any hearing under said Order No. 2015 at Washington, D. C., some 3000 miles distant.

That it is necessary in the conduct of the business of said Association that said records be kept immediately available to said Association at its office in Long Beach, California, at all times.

That said Order No. 2015 in fixing the time and place of said hearing at Washington, D. C., is contrary to, and in violation of, the express requirement of Section 5(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(a), which requires that in fixing the times and places for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives.

(h) That the making of said Order No. 2015 constitutes a threat on the part of said Home Loan Bank Board, that said Board will appoint a receiver for the purpose of liquidation of said solvent Association. That now to comply or to have complied with the requirements as set forth in arabic numerals 1, 2, 3, and 4, of said order 2015, it would be and would have been necessary

for said Association to abandon some, or all, of the various contentions made by it, or in its behalf, in the various pleadings on file herein, some of which contentions concern: (1) the question as to whether or not the Association is, or is not, indebted at all, on the $6,300,000.00 in notes, now on deposit in this Court; (2) the question of whether or not, if it is indebted, to whom it is indebted, and the sum of such indebtedness; (3) the question of the validity of all the acts performed by said conservator during the period of his possession of said Association, not only with reference to the things specifically alleged in the pleadings, but also with particular relation to the accounting of said conservator ordered by the Board and by this Court, and which accounting has not yet been completed; (4) the question of the alleged conversion of approximately $11,000,000.00, in face value, of United States Government bonds, together with any damages that may or may not have resulted from such alleged conversion, by certain defendants, among which are the San Francisco Bank, the Home Loan Bank Board, said Fahey, Ammann, Federal Savings and Loan Insurance Corporation; (5) the question as to the purchase during the period of said conservatorship of approximately 6,000 shares of stock in the San Francisco Bank, at a cost of approximately $600,000.00 of said Association's funds; (6) the question of the validity of the proposed $90,000.00 charge against the Long Beach Association, proposed to be made for the cost and expense of said conservatorship, and in addition thereto, the approximately $73,000.00 already paid on account, by defendant conservator, of such charges and expenses; (7) the question of the liability, if any, for making what is alleged by said Association to be loans in the sum of approximately $4,000,000.00, by said conservator, and any losses in connection with said loans by virtue of their extension thereof, or reduction of interest rates, or other changes in the terms of payment; (8) the question of the validity of the endorsement by said Ammann as conservator, of approximately $12,000,000.00 in deeds of trust and notes to the San Francisco Bank; (9) the question of the ownership of approximately $5,300,000.00 of bonds on deposit in this Court, with accrued coupons, and the sum in excess of $1,000,000.00 now on deposit in the Registry of this Court; (10) the question of the ownership of the $50,000.00 check deposited in Court by said defendant and cross-claimant in interpleader Robert H. Wallis; (11) the question of the amount of insurance premiums due the Federal Savings and Loan Insurance Corporation, and the insurance premiums heretofore paid by said conservator; and (12) the question of liability among defendants and cross-defendants Home Loan Bank Board, Federal Savings and Loan Insurance Corporation, and the other defendants, including the trustees of said insurance corporation, and the members of said Home Loan Bank Board, for the damage claims, of approximately $20,000,000.00 alleged against said defendants and cross-defendants, by said Long Beach Association.

That the foregoing statements are not inclusive of all of the matters and things and properties involved, and which are or may be in issue in this litigation, and are not intended to be a conclusive statement of all of the things which said Association will or might be compelled to concede by the threats of said Order.

(i) That the refusal to continue the hearing of Order No. 2015 by said Home Loan Bank Board was a threat to appoint a receiver for said Association by default of said Association, for its failure to attend such hearings of said Order No. 2015, which said hearings before said Bank Board of said Order No. 2015 were on successive occasions set for hearing so as to conflict with hearings set before this Court on the matters of said Temporary Restraining Order and Preliminary Injunction. That such threat to appoint such receiver upon default of said Association is therefore irreparable injury immediately threatened by the failure and refusal to continue or postpone hearings on said Order No. 2015 to such times as would allow parties and counsel to attend such hearings without

abandoning their matters presented for hearing before this Court, and set on the dates elsewhere specified.

Each and all of said matters (a) to (i), from their nature, are irreparable because once said damage, injury, and loss, is inflicted, as threatened, the same cannot be undone, nor the parties restored to their present status, and said Order No. 2015 is a threat to the jurisdiction of this Court, in that each and all of said matters, (a) to (i) inclusive, as well as many other matters and things, which are, or may be, in issue, before this Court among some or all of the various parties hereto.

35. That the process and powers of this Court are available to said Home Loan Bank Board to protect and preserve the public interest and rights involved in, or necessarily collateral to, this litigation, and to compel the performance of any alleged unfulfilled duty of said Association, or any other litigant herein, as well as to protect and preserve the assets and rights of the shareholder members and depositors and borrowers from, and other persons doing business with said Association.

36. That this litigation is now at issue, except for one submitted and two speaking motions, yet pending, upon which time for counter-affidavits and other opposition has been extended because of the pendency of discovery proceedings, for inspection and copying under the supervision of a Special Master appointed by this Court, of the books, records, accounts and documents of defendant and cross-defendant Federal Home Loan Bank of San Francisco, which appointment of a Special Master was made necessary by virtue of the vast amount of material to be examined, and by the confidential nature of many records of the institutions involved.

37. That such discovery was ordered by Order of this Court, dated December 2nd, 1948. That proceedings for obtaining such order of discovery were instituted by plaintiff and cross-claimant in September, 1948, and were granted by this Court to enable plaintiffs and cross-claimant to properly defend various motions for summary judg-ment. That such discovery proceedings instituted under Order of this Court as aforesaid, were interrupted and suspended upon the order of this Court, postponing such proceedings, which order was made upon the representation of all parties of negotiations for settlement and the probability thereof, and which proceedings are now postponed until December 19, 1949.

38. That repeated representations and statements have been made to this Court by parties to this litigation, including the representatives of defendants Home Loan Bank Board, Federal Savings and Loan Insurance Corporation, and members and trustees, A. V. Ammann, et al., through their various counsel and representatives, that this litigation was about to be, or had the probability of being settled and compromised, (see footnote No. 10), without the delay and expense of protracted litigation, involving institutions and public officers, boards and bodies dealing in, and with, the private funds of the public.

39. That such representations and statements were made to this Court in chambers and in open court, during hearing. That such representations were repeated and made upon numerous occasions; particularly since February 1948, to and including Nov. 7, 1949 the date of hearing the within motions.

40. That it appears from the records and files herein that such settlement negotiations proceeded actively and continuously at all times during December, 1948, and all of the months of 1949 to date, between some or all of the parties litigant. That during the pendency of such settlement negotiations, most, or all proceedings for trial or determination of the pending issues in said litigation, were completely suspended. (See footnote No. 10.)

41. That among the preliminary issues yet pending before this Court at the present time is the question of the taking of the deposition of defendant and cross-defendant John H. Fahey, former Federal Home Loan Bank Commissioner before the reorganization of such bureau, and of the

time and place thereof, in the event such deposition is taken.[13]

13. That on July 25th, 1949, notice of intention to take the deposition of defendant John H. Fahey was served by defendant and cross-defendant San Francisco Bank upon the other parties to this litigation. That said notice stated intention to take such deposition on August 22nd, 1949, by oral interrogatories at the U. S. Attorney's Office in Boston, Massachusetts, some 3000 miles from Los Angeles, California.

That, thereafter, motions of plaintiffs Shareholders Protective Committee of Long Beach Association and said Long Beach Association, (which motions were joined in by plaintiff Los Angeles Bank) were filed with this Court. That said motions sought an Order of Court prescribing and designating the time, place and manner of taking of the deposition of the said defendant John H. Fahey. Pursuant to said motions on July 28th, 1949, this Court made its Order that the deposition of the said Fahey, noticed by said San Francisco Bank, should not be taken until further Order of the Court, fixing time, place and manner of the taking of the deposition. That said Order likewise required all parties to file and to serve upon all other parties on or before September 15th, 1949, (1) their suggestions, oppositions, or other matters, concerning the said taking of the deposition of the said John H. Fahey; and (2) their responses to. the said motions for Order of Court designating the time, place and manner for the taking of such deposition.

That opposition to said motions was filed by said San Francisco Bank, which opposition contained the affidavits of Conger Williams, M.D., and Melvin H. Siegel, Special Assistant to the U. S. Attorney General, representing said defendant Fahey. That such affidavits of Williams sought to show infirmity due to age and illness on the part of the said deponent, defendant John H. Fahey, preventing said Fahey, being able to travel to Los Angeles, California, for the taking of his said deposition. That on October 17th, 1949, Long Beach Association filed with the Court affidavits of Ernest Claude Royles, Herman M. Diamond and Joseph J. Wolf, dated October 11th, 1949, purporting to show that during the months of May, July and September, 1949, the defendant John H. Fahey had traveled to Montreal, Canada, and to New York City, New York, and was an active director of financial corporations of considerable magnitude and was otherwise attending to business and traveling, apparently contrary to the allegations of said affidavit claiming he was unable to travel due to his claimed illness and infirmity.

That the Assistant U. S. Attorney General, representing said deponent, defendant John H. Fahey, caused a statement to be filed with the Court, stating in substance that said Attorney advised said Fahey that he was not subject to the jurisdiction or powers of this Court, and that he should not come to California for the taking of his deposition.

That after several hearings and arguments by various counsel on the matter, this Court took the motions under submission and on November 2, 1949, made its Order that the San Francisco Bank submit written interrogatories on or before November 18th; that the other parties submit proposed cross-interrogatories on or before December 7th, 1949; that settlement of such proposed interrogatories and proposed cross-interrogatories be heard before this Court on December 19th, 1949; that pursuant to application of counsel for defendant and cross-defendant San Francisco Bank, all of such dates for filing have been postponed respectively to (a) for filing proposed interrogatories by San Francisco Bank, to December 10th, 1949; (b) for filing proposed cross-interrogatories to January 10th, 1950; (c) for hearings by Court on proposed interrogatories and cross-interrogatories to be heard January 23rd, 1950.

That said Order of this Court expressly directed that such written interrogatories should not supersede nor take the place of a deposition on oral interrogatories or other discovery which was expressly reserved to the respective parties to be sought by appropriate notices, motions, or applications to the Court. That said Court stated in part of said Order:

"I would require all parties who may desire to take the deposition of John H. Fahey to give notice so that his deposition might be taken upon one occasion."

That pending such applications and the settlement of such written interrogatories the taking of the deposition of defendant Fahey, without leave of court first obtained, was enjoined.

42. That among the preliminary issues so suspended, are the objections to the ac-

counting of defendant and cross-defendant A. V. Ammann, as conservator, which was accounting was ordered filed with this Court by Resolution No. 388, of the Home Loan Bank Board, adopted January 17, 1948.

43. That said accounting, (see footnote No. 9), comprises approximately 600 pages of items in substantial amounts, aggregating approximately $26,000,000.00, and was filed with this Court by said defendant Ammann, conservator, pursuant to resolution of defendants Home Loan Bank Board, and the Order of this Court. That time for the filing of the objections of the parties concerned in said accounting, has been continued from time to time because of said representations made to this Court, of the pendency of negotiations for settlement of the entire litigation, which would have, if successful, obviated the necessity for objections to, and the determination of said accounting.

44. That this Court has appointed its Special Master to supervise matters pending before this Court of the issues involved in said accounting and the objections thereto. That said Special Master had also conducted other proceedings and made interim reports to this Court, pursuant to the Orders appointing him as such Special Master.

45. That no delay in the prosecution of any of the phases of this litigation has occurred on the part of the plaintiffs, cross-claimants, interpleaders or others, seeking relief against defendants Home Loan Bank Board and the members thereof, John H. Fahey, A. V. Ammann, conservator, and his deputies and subordinates, and Federal Savings and Loan Insurance Corporation, and on the contrary, said plaintiffs, etc., have vigorously and diligently prosecuted and maintained this action and these proceedings. Any delay in the prosecution of the within litigation by said first named parties has been caused by negotiations for settlement and compromise of the entire litigation. The reports of the various parties to this litigation in response to an order to show cause as to the status of such negotiations are in the record and judicial notice thereof was taken at the time of hearing of the within matter. (See Footnote No. 10.)

46. That it appears from the reports of the parties, such negotiations for settlement had been continuous and progressive for approximately one year last past, and were progressing intermittently for some 8 or 9 months prior thereto. That the total number of major conferences between parties on such settlement negotiations is approximately 44. That it further appears that there were numerous minor conferences. That during the pendency of such settlement negotiations various of the parties litigant, their counsel, and managing officers, have traveled many thousands of miles, including repeated trips to one or more of the following cities: Washington, D. C., New York City, Salt Lake City, Utah, Portland, Oregon, San Francisco and Los Angeles, California, and Seattle, Washington. (See Footnote No. 10.)

47. That the said Home Loan Bank Board Order No. 2015 (see Footnote No. 11) threatens, by all of the charges therein contained in numbers 1 to 3 inclusive (and by number 4 inclusive, insofar as any reference is made to alleged violations set out in the so-called "More Definite Statement" submitted to said Association on May 29, 1946) to impose upon, interfere with and supplant the jurisdiction of this Court to determine some or all of the main issues in the entire litigation, as well as some or all of the hereinbefore mentioned preliminary issues. That all of said matters and things herein referred to, are inextricably involved in some or all of the numerous matters and things which are presently pending before this Court, and which are either now directly or indirectly in issue between some or all of the multitudinous parties to this litigation, or have been in issue in some or all of the numerous matters, motions and proceedings heretofore had, upon which final appealable orders have been made by this Court, and as to many of which the time for appeal has long expired, and as to one of which orders an appeal was taken and dismissed, and

from another group of said orders, an appeal was taken and dismissed.

That as to the items set forth in its charge, arabic numeral No. 4 of said Order No. 2015, not included in the asserted violations set out in the "More Definite Statement" submitted to said Association on May 29th, 1946, which other charges are to the general effect that the Association and its officers will commit, and have committed other violations of rules and regulations, and have pursued and are pursuing a course that is jeopardizing and injurious to the interests of its members, creditors and the public; full opportunity was given at the said hearing before this Court to present any and all charges of any matters concerning any wrongdoings, whether in violation of the rules and regulations, or otherwise, on the part of said Association and its officers, and no evidence was proffered in support thereof, or was any offer of proof made, so as to enable this Court in the exercise of its general equity powers to determine whether or not such powers should be exercised in any fashion whatsoever, for the preservation of the assets of said Association, or the assets and properties of its shareholder depositors or borrowers, or of its creditors, or of the Home Loan Bank Board, or the Federal Savings and Loan Insurance Corporation, or the public.

Three exhibits were offered at approximately 10:30 o'clock p. m. by the attorney for the Board, and designated A, B, and C, for identification. (See footnote No. 3) Exhibits A and B, for identification, were affidavits of no probative force and containing no statements of facts whatsoever, as more fully appears in the transcript of record in the final rejection of said Exhibits in evidence. Exhibit C for identification, presented at the same hour and time, is designated as Docket No. 2905, Reports of Examinations and Audit of the Long Beach Federal Savings and Loan Association, 328 American Avenue, Long Beach, California, as of May 18th, 1946, and October 2nd, 1946. It is a document consisting of several hundred mimeographed pages which had not been seen by either the Association, its officers and directors, or counsel, the Shareholders Committee, interpleader Wallis, interpleader Title Service Company, or Los Angeles Bank, or any of their counsel, and had not been turned over to the Association or submitted to the Special Master of this Court in compliance with Order No. 388 (see footnote No. 7), or the Order of this Court, (see Exhibit A), directing the return of said Association and all of its assets, property, and "records and books of every and any nature * * * and to make a full and complete account * * * for all assets and liabilities of any and every nature pertaining to said association." Said Exhibit C for identification states on its face that "a copy is furnished to the directors and officers of the Association for their confidential information with the understanding that it is not to be published either in whole or in part." That no such copy was furnished to said officers and directors, or any of them.

48. That item No. 3 of said Home Loan Bank Board Order No. 2015 alleges that the sum of $36,487.25 in insurance premiums was not paid. Said statement in Order No. 2015 was made after said $36,487.25 was deposited, and now is still on deposit in the Registry of this Court, in interpleader, deposited pursuant to Orders by this Court, for such deposit, after hearing, over the objections of defendants Home Loan Bank Board, Federal Savings and Loan Insurance Corporation, and the various members and trustees thereof, respectively, defendant Ammann conservator, and his or their various deputies or subordinates.

49. That the time for appeal from such Order of this Court for acceptance of deposit into the Registry of this Court in interpleader, of said sum of $36,487.25, has expired and lapsed, without any appeal therefrom having been taken.

50. That item No. 4 of Home Loan Bank Board Order No. 2015, the so-called "More Definite Statement" is an issue in the original, the amended, and the supplemental pleadings of plaintiffs, cross-claimants, and other parties to this litigation.

That such "More Definite Statement" was first brought before this Court by the filing thereof with this Court by defendants and cross-defendants Federal Home Loan Bank Board and A. V. Ammann, conservator, in June of 1946, as one of the first documents which they filed in this litigation. That one of the questions of law to be decided in this litigation is whether or not, as a matter of law and/or of fact, such "More Definite Statement" was not completely refuted and withdrawn by adoption of Home Loan Bank Order No. 388 on January 17, 1948, a copy of which Order was, by express direction therein contained, filed with this Court, and became a subject, after hearing, of an order of this Court removing defendant Ammann as conservator, defendant Bramley as deputy conservator, and their various subordinates and deputies from the possession of the assets, premises and business of Long Beach Federal Savings and Loan Association, and title thereto, if any, passed, with the transfer of such possession and title from such defendants to the duly elected officers and directors of said Association.

That by lapse and expiration of time for appeal therefrom, said last mentioned Order of this Court has become final.

51. That one of the items of said so-called "More Definite Statement," incorporated by reference in Item No. 4 of said Home Loan Bank Board Order No. 2015, is the payment by said Association and delivery to cross-claimant in interpleader Robert H. Wallis, of a cashiers' check for $50,000.00, which cashiers' check was interplead into the Registry of this Court by said cross-claimant Robert H. Wallis in June of 1946. That the question of the disposition of such check and the rights of defendant and cross-claimant in interpleader Robert H. Wallis, of the Association, the Shareholders Committee, and the conservator and their respective claims, concerning said check or properties, has not yet been determined and is one of the issues in the main litigation in this proceeding.

52. That this Court has heretofore after extended hearings, by various orders, held that it has jurisdiction of the parties and subject matter of the within litigation, from certain of which orders appeals were taken by the Home Loan Bank Board and/or its agents, and thereafter dismissed, and upon which order, as well as said other orders; so holding, the time to appeal has passed for a considerable period.

53. That by reason thereof, the proposed order for hearing, if given its face effect, is an attempted withdrawal by one of the parties to this litigation, from this court, of many of, if not the major issues involved, and an effort to act upon those issues in its own behalf, without regard to the jurisdiction of this Court or the contentions of the many parties to this litigation who are not parties to such order.

54. That in this action, as herein elsewhere indicated, there have heretofore been filed numerous and various cross-claims, interventions, third-party pleadings, motions, petitions and other matters in interpleader, or in the nature of interpleader, pursuant to which, and under proceedings and hearings thereon, after notice, there has been deposited by Order of this Court, assets amounting to approximately $14,000,000.00, which now remain in the Registry of this Court, awaiting disposition by further orders, proceedings and adjudications of this Court, and which cannot be disposed of without Order of this Court. That this case concerns two or more class actions, one by Mallonee and others, as plaintiffs, on behalf of all of the shareholders of the Long Beach Federal Savings and Loan Association, and the others in the second cause of action in consolidated case No. 5678–P.H. on behalf of all of the stockholders of the Federal Home Loan Bank of Los Angeles. As to the motions to dissolve the San Francisco Bank, pending and not yet acted upon, it is asserted on behalf of movants to be a class action on behalf of all of the stockholders of said San Francisco Bank.

55. That the proceedings ordered by said Home Loan Bank Board Order No.

2015, if permitted to be held as threatened, threatens to result in the appointment of the members of said Board, in their capacity as managing trustees of defendant Federal Savings and Loan Insurance Corporation, as receiver, for their adversary cross-claimant Long Beach Federal Savings and Loan Association, in which event a question would, or may, arise as to whether or not a party to this litigation would thereby have made, or attempted to make, decision and disposition of the ownership, title, possession and control of, some or all of said assets, aggregating approximately $14,000,-000.00 interplead into the Registry of this Court as aforesaid, as well as some or all of the other issues involved in this litigation, without regard to the jurisdiction of this Court or the rights of the many parties litigant herein.

56. That there is serious question as to whether or not the numerous parties litigant in these actions now pending before this Court, who are not designated as parties to said hearing called by said Order No. 2015 of said Home Loan Bank Board, would be permitted to intervene, or otherwise take part therein, or could be compelled to, or have the right to, submit their issues and rights to said Home Loan Bank Board hearing, for determination therein, notwithstanding which, the substantial rights and properties of such parties litigant before this Court, will, or may be, substantially affected and prejudiced by any proceedings or determination had pursuant to said Order No. 2015. (See Footnote No. 11.)

That approximately 400 persons, firms, associations, or corporations, were, long prior to the issuance of said Order No. 2015, served either with summons or other process of this Court, and have appeared or defaulted herein. That the title hereof contains without repetition herein, the general designation of such parties, any or all of whom actually claim, or may claim, to have an interest in the subject matter of this litigation and of said Order; and that the intervention in said hearing in Washington, D. C., of all the parties claiming an interest in the subject matter of said Order No. 2015, would require a stupendous expense

and burden upon almost innumerable parties, whose claims and assertions of right are presently before this Court, and at issue; and that in addition to the approximately $14,000,000.00 in money and other property in Court, now on deposit, all of the res involved in this litigation lies within the territorial jurisdiction of this Court.

57. That the hearings ordered by said Home Loan Bank Board's Order No. 2015, interfere with the jurisdiction of this Court and would constitute a duplication of actions and a multiplicity of suits, hearings and proceedings for the decision, hearing and determination of questions, issues and controversies, previously presented to, and either previously decided, or now pending for decision and determination before this Court, in the said cases and matters above captioned. That a multiplicity and duplication of proceedings, suits, hearings and litigation, would cause great, irreparable, immediate and continuing loss, injury and damage, to the parties litigant in these actions now pending before this Court.

58. That this litigation has proceeded for approximately three and a half years, and has been the subject of two proceedings before the United States Supreme Court, two appeals to the United States Ninth Circuit Court of Appeals, later dismissed, four separate actions (now consolidated or enjoined), either in the California State Superior Court or United States District Court, likewise enjoined, and of hearings on approximately 100 different occasions and proceedings in this Court, each of which lasted from a few hours to several days. Such litigation has been burdensome and expensive to the parties litigant.

59. That there has been allowed on account of such expenses and attorneys charges, sums aggregating in excess of $260,000.00, in part payment only, all of which allowances have become final by dismissal of appeals or waiver of appeals. That the duplication and multiplicity of trials and proceedings required by said defendant Home Loan Bank Board's Order No. 2015 would unnecessarily and substantially increase such costs and expenses by many thousands of dollars.

60. There is pending among the issues yet to be decided, or partially decided, by this Court, the review of five orders of defendants Home Loan Bank Board, and Federal Home Loan Bank Board,

Such Orders are:

(a) Nos. 5082, 5083, and 5084 (see footnote No. 5), dated March 29, 1946, pursuant to one or more of which, certain defendants and cross-defendants claim the right to and to have been authorized to merge, liquidate or dissolve, the Federal Home Loan Bank of Los Angeles, and to *co-mingle* and merge its assets with the assets of the Federal Home Loan Bank of Portland, and to create the Federal Home Loan Bank of San Francisco. (That it is alleged that on March 29, 1946, the assets of the said solvent Federal Home Loan Bank of Los Angeles amounted to approximately $46,000,000.00, and the assets of the said solvent Federal Home Loan Bank of Portland then amounted to approximately $9,000,000.00); and

(b) Order No. 5254 (see footnote No. 6), dated May 20, 1946, by which some of the defendants claim the right to and to have been authorized to, and did, take possession of the solvent Long Beach Federal Savings and Loan Association and its assets alleged to amount in excess of $26,000,-000.00; and

(c) Order No. 388 (see footnote No. 7), dated January 17, 1948, which rescinded Order No. 5254 (see footnote No. 6) concerning appointment of defendant Ammann as such conservator, and ordered said defendant Ammann to account with this Court. Said Order No. 388, by its terms ordered that a copy thereof be filed with this Court. Said Order No. 5254 and said Order No. 388 have been the subject of an order by this Court, dated January 23, 1948, (a copy of which is attached hereto as Exhibit "A").

That the review of each and all of said orders involves many questions of law which include the legality of said orders at the time of the making thereof, and also includes some or all of the conduct of the various parties to this litigation subsequent thereto.

All five of said orders purport to be final and conclusive on their face as to the matters and things therein set forth.

61. The Court further finds that this Preliminary Injunction is a necessary and appropriate process to postpone, in order to prevent immediate and irreparable injury, damage and loss, the effective date of said defendant Home Loan Bank Board's Order No. 2015, in order to preserve the status and rights of the various parties litigant herein, including but not limited to the Long Beach Federal Savings and Loan Association, its approximately 16,000 shareholders, its approximately 8,000 borrowers, and the thousands of other citizens of the community, vitally concerned with the stability, well being, and welfare of said Association, pending conclusion by this Court of its pending proceedings for the review, adjudication and determination of said prior orders of said Home Loan Bank Board, and the other issues still pending for determination by this Court. (See paragraph 34(h) hereof.)

62. That in prior proceedings during the three and one-half years which this litigation has been pending before this Court, the United States Supreme Court and the United States Ninth Circuit Court of Appeals, there have been various hearings, at which testimony was taken and evidence introduced. That such hearings resulted in orders, injunctions and judgments, which orders, injunctions and judgments contain various findings of fact. That each and all of such orders, injunctions and judgments and the findings of fact therein contained have become final by expiration and lapse of the time for appeal or review thereof, and as to the matters and things therein covered, are res adjudicata. That as to the matters therein decided, they are the law of this case. That attached hereto, are some of such orders, as follows:

Filed 1-23-48

Order, (Among Other Things) That the Petition of the Shareholders Be Granted

and That The Conservator for the Long Beach Federal Savings and Loan Association Be Removed and Its Assets Returned to the Directors and Officers of the Association, (Exhibit "A" hereof.)
Filed 3-13-48

Order, (Among Other Things) Requiring Deposit of Certain Notes, Deeds of Trust, U. S. Government Bonds and Other Collateral Held by the Federal Home Loan Bank of San Francisco, (Exhibit "F" Hereof.)
Filed 3-26-48

Order, (Among Other Things) for Delivery of Notes and Trust Deeds (Excess Collateral) From Clerk of Court to Long Beach Federal Savings and Loan Association, (Exhibit "H" Hereof.)
Filed 7-30-48

Findings of Fact, Conclusions of Law and Interlocutory Decree of Injunction, (Exhibit "D" Hereof.)
Filed 2-2-49

Preliminary Injunction Enjoining Prosecution of Remanded Action and Order of Remand, (Exhibit "E" Hereof.)

63. That no harm, loss, injury or damage can result to the shareholders, stockholders, borrowers, defendants Home Loan Bank Board, Federal Savings and Loan Insurance Corporation, the members or trustees thereof, the public interest, and any or all other defendants or parties to this litigation, from restraining said hearing and proceedings called by Home Loan Bank Board Order No. 2015, until such time as this Court can hear upon the merits, the issues pending herein awaiting trial, or until further Order of this Court.

64. That the only amounts of money disclosed in said Order No. 2015 in any of the four grounds or reasons therein contained is the said sum of $36,487.25, which sum, in cash, is already on deposit in the Registry of this Court, in excess of, and above the amount of said $1,000,000.00 surety company bond. That the deposit in Court of said $36,487.25, of disputed insurance premiums by said Association, adequately protects the interest of said Federal Savings and Loan Insurance Corporation pending

adjudication of the issues of this cause, and that said $1,000,000.00 bond adequately protects said Association and its shareholders, borrowers and others doing business with it, pending the hearing by this Court on the merits of the issues pending herein awaiting trial.

65. That it presently appears that defendant A. V. Ammann, as purported conservator of said Association, was in possession of its books, records, accounts, assets and business, for approximately twenty months, from May 20, 1946, to January 24, 1948, during which period of time, all entries made in the books, records and accounts of said Association, were so made by, or under the direction of, the said defendant A. V. Ammann.

That it is alleged that he made substantial changes in multi-million dollar amounts in various items of the assets and expenses, and capital liability and income columns of said Association's balance sheets and books. That among such alleged changes were:

(a) That some, but not all of such alleged changes and asserted claims of liability in connection therewith are referred to hereinbefore in paragraph 34(h) hereof. (Also see footnote No. 9.)

(b) That it is impossible at this time to state all of the various contentions and claims of all of the various parties to this litigation, and it would be an abuse of judicial discretion to attempt in this order to do so, in view of the pending accounting of said Ammann, the pending discovery proceedings, including the deposition of Fahey, and the fact that the present posture of the case is not such as to permit a pretrial conference and clarification of the issues under Federal Rules of Civil Procedure.

66. That each and all of the foregoing, as well as the contentions of the parties, create contingencies, variations and changes in all totals of the columns of assets, liabilities, expenses, income, reserves, surplus, undivided profits and other totals and subtotals in said books, balance sheets and the reports, mentioned in said Order 2015, causing binding statements of the same, (prior to decision by the Court of the said

accounting), to be inappropriate, impractical, and impossible.

67. That the forms of monthly report required by defendants Home Loan Bank Board and their subordinates, supervisors and examiners, contain the following certification:

"I hereby certify that the above report was taken from the books and records of said Association as of the date indicated and to the best of my knowledge is true and correct."

That said defendants require such certification to be signed by a responsible officer of the Association, such as its President, Vice-President, Secretary or Assistant-Secretary, and also require the affixing of the seal of said Association, thereby binding and obligating said Association by the statements therein contained. That the giving of the required monthly report, in the form required by said Board, under the circumstances in dispute in this litigation, including the said form of certification, would or might, require said Association to prejudice, waive, or abandon the litigation of the Association's shareholders in the class action herein brought on behalf of said shareholders, without the consent, agreement, or knowledge of said shareholders, the plaintiffs in this action, suing on behalf of the class of approximately 16,000 of such shareholders, and particularly so because it presently appears that upon the seizure of said Association on May 20, 1946, by said Ammann, all the books and records of said Association were taken possession of by Ammann, without giving any receipts therefor, or any kind of a list or inventory thereof, of any kind or nature whatsoever.

68. That said Association was examined by approximately seven examiners of defendants Home Loan Bank Board, in charge of Examiner Clifford F. Turner, for approximately 30 days, from July 18th, 1949, to August 17th, 1949, the number of such examiners varying from time to time during said period. That at the conclusion of such examination, an affidavit as to the correctness of said books and records, of said Association, was required of the officers of said Association. That said affidavit included verification as to correctness of entries made as to the said disputed items by the defendant A. V. Ammann as purported conservator.

69. That the President of said Association did make an affidavit as to the correctness of all entries and matters in said books and records of said Association, made or entered by said Association's officers and directors, but said affidavit contained provisos that all such entries were subject to the outcome of the within litigation and said affiant declined to verify the accuracy of the entries in dispute in this litigation, and made by the defendant Ammann as purported conservator.

That notwithstanding the giving of such qualified affidavit, ground No. 2 of said Order No. 2015, threatens appointment of a receiver for said Association by said defendants.

70. That commencing on said May 18th, 1946, examinations and reports of said Association's books, records and business, had been made by said defendants Home Loan Bank Board, their subordinates, examiners, agents, or representatives, and continuing to on, or about November 1st, 1946. That copies of such examination were never delivered to the officers and directors of said Association, nor made available to them, until produced in Court for the first time at 10:30 p. m., November 7, 1949, during the hearing of this matter, at which time, it was marked Exhibit "C" for identification and not received in evidence. (See footnote No. 3.)

71. That by order of this Court, dated January 23rd, 1948, (Exhibit "A" hereof), defendant A. V. Ammann, as purported conservator, and other defendants, were ordered and directed to deliver to the officers of said Association, all of the books, records, accounts and other similar documents belonging to said Association. That said report of examination dated 1946, is on its face, an item of accounting, which should have been in possession of defendant Ammann in January of 1948, and as such, is

one of those documents which should have been delivered to said Association under the said Order No. 388 and the Orders of this Court, notwithstanding which said delivery was not, and has never been made, by said defendants, or any of them.

72. That said report of examination became available to said Association for the first time when tendered into evidence at the hearing on this proceeding.

That the report of the examination of said Association, made during the period of July 18th, to August 17th, 1949, had never been delivered to said Association, and became available to said Association for the first time when subpoenaed by said Association from the possession of agents and subordinates of defendants Home Loan Bank Board, et al., and received into evidence as Exhibit 2 pursuant to said subpoena during this hearing, commencing on November 7th, 1949.

73. That said report and examination, Exhibit "C" for identification, was in possession of defendants Home Loan Bank Board, et al., and their various subordinates, agents, deputies and examiners, for approximately fifteen months prior to the adoption of Order No. 388, which rescinded the appointment of said Ammann as conservator of said Association, and directed an accounting by said Ammann, and authorized and directed him to deliver all of the records and books of any and every nature, of said Association, to such Association.

74. That each or some of said defendants Home Loan Bank Board, Federal Savings and Loan Insurance Corporation and the employees and trustees thereof, William K. Divers, J. Alston Adams, and O. K. LaRoque, John H. Fahey, A. V. Ammann, George K. Bramley, and their various subordinates, deputies, examiners, agents and employees, assert and continue to assert, among other things, claims, titles and ownership, or possession, either in their individual or official capacities, in and to the funds and assets in the Registry of this Court, and in and to the possession of said Association. That such claims are asserted in various of the numerous pleadings, objections and other documents, filed with this Court and cannot, and should not, at this time, be set forth in detail at this state of this litigation.[14] (See also footnote No. 12.)

75. It appears from the records and files herein that pursuant to Orders of this Court for service of process upon absent defendants, the defendant John H. Fahey, as Federal Home Loan Bank Board Chairman and as Federal Home Loan Bank Commissioner, and individually, was served with summons and process of this Court, by the United States Marshal, in Washington, D. C., in 1946. That the defendants Home Loan Bank Board, William K. Divers, Chairman, and J. Alston Adams, Member, and O. K. LaRoque, Member, are the successors to the offices formerly held by said Fahey and have been made parties to this litigation under the Federal Rules of Civil Procedure.

76. That the Federal Home Loan Bank Board, as then constituted on January

14. That one of such contentions is found in the answer of defendant Federal Savings and Loan Insurance Corporation, filed in this action July 18th, 1949, which reads on page 11, line 26 to and including page 12, line 5 as follows:

"This defendant admits that a resolution was adopted by the Home Loan Bank Board rescinding, upon certain conditions, Federal Home Loan Bank Administration Order No. 5254, and alleges that said conditions have not been complied with. This defendant admits that the Court made and entered its Order of January 23, 1948, undertaking to remove said A. V. Ammann as Conservator and ordering an accounting, and states that said Order was made by this Court over the objections of the Government and has prevented said Conservator, since January 24, 1948, from performing and exercising the duties of his office; that said Order of this Court was entered without any hearing on the merits of this litigation and without jurisdiction; and that said Order prejudiced and continues to prejudice the substantial interests of this defendant and the public funds it administers, said association, the Government, and the public."

17th, 1948, adopted the Resolution No. 388 (see footnote No. 7), as an official action of said Home Loan Bank Board.

77. That said Resolution No. 388, in part, provided as follows:

"Be It Further Resolved that a certified copy of this resolution be forthwith delivered to the above-named Court and to counsel for each of the parties of record in actions numbered 5254 P.H. and 5678 (WM) P.H. in said Court. * * *"

That a certified copy of said resolution was duly and regularly filed in the within case, in the above-entitled Court, and that on January 23, 1948, after hearing, this Court made its order and judgment for restitution of said Association (Exhibit "A" attached hereto), which Order was based among other things upon the said resolution or Order No. 388, which Order had heretofore been duly and regularly filed with this Court, pursuant to said Order and on behalf of said Board on the 19th day of January, 1948, and that the above-entitled Court, acting upon and pursuant to said Order, and the fact that it had been filed on behalf of said Board, made said Order on January 23, 1948.

That as a matter of law and fact, the filing of said Order No. 388, constitutes a general appearance by said Board, in the within action, and the submission by said Board to the jurisdiction of this Court for the purposes of said Order and such adjudication thereon, as may or might have been, or may or might become, necessary or expedient. That adjudications upon said Order No. 388 as herein otherwise set forth, have not been completely, or finally, made in that the rights and liabilities of the various parties, during the said period of conservatorship, have not yet been determined, nor has the accounting of said Ammann as conservator been approved.

78. That time for appeal from said Order and Judgment of this Court, dated January 23, 1948, has long since expired without any appeal therefrom having been taken. That said defendants have made no efforts or taken any proceedings to vacate or set aside said judgment before this or any other court.

79. That defendants Home Loan Bank Board continued the time for hearing of their said Order No. 2015 to November 1st, 1949, after this Court had set October 28th, 1949, as the date for hearing of the Motions for Preliminary Injunctions, restraining said hearings, under said Order No. 2015. That said defendants Home Loan Bank Board further continued the said hearing of their said Order No. 2015 to November 8th, 1949, at 10 o'clock a. m., after this Court continued its hearing to November 7th, 1949. That such continuances by defendants Home Loan Bank Board, in the light of the date set by this Court for the hearing of the motions for Preliminary Injunctions to restrain said hearing under Order No. 2015, were and are as a matter of fact and law, without due or any regard for the convenience of the parties and for their representatives, and are unreasonable, inconvenient to the parties and counsel and witnesses, and are in contravention of the express terms of Section 5(a) of the Administrative Procedure Act, Title 5 U.S. C.A. § 1004, subd. (a), in view of the fact that the place of said hearing of said Order No. 2015 was in Washington, D. C., and the place of hearings before this Court was in Los Angeles, California, which two places are separated by approximately 3,000 miles in distance. (See paragraph 34, particularly (g) and (h) thereof.)

80. That due to the refusal of said defendants to consent to a continuance of the date set by them for their hearing under Order No. 2015, this Court sat in continuous session, except for recesses, until 3:30 a.m., in the morning of Tuesday, November 8th, 1949. That at that time the Court announced the granting of 'said motions for preliminary injunctions, and the preliminary injunction and restraints ordered by this Court. That said Court thereupon directed counsel to notify defendants Home Loan Bank Board, et al., and the various members and subordinates of said Board by telegram, of the granting of the said preliminary injunction, continuing in force

all of the restraints of the previous Temporary Restraining Order. That such telegraphic notices were authorized by this Court in order to prevent the recurrence and infliction of irreparable injury detailed in said Temporary Restraining Order, in the event said board proceeded with said hearing as set on November 8, 1949, in Washington, D. C., and in the absence of the parties, appointed said defendant Federal Savings and Loan Insurance Corporation as receiver for the purposes of the liquidation of the Long Beach Association, cross-claimant and third-party plaintiff.

81. That it appears from the files and records herein, that on the 27th day of June, 1946, there was filed with the recorder of the County of Los Angeles, California, a notice of Lis Pendens of this action, then designated as 5421–P.H., which Lis Pendens designated therein some several thousand parcels of real property located in Los Angeles County, California, upon which loans had been previously made by said Association. That the legal force and effect of said Lis Pendens is an issue of law to be determined upon the trial on the merits with particular reference to, but not limited to, the contentions concerning the invalidity of said Ammann's actions in extending the period of loans on properties described in said Lis Pendens, and reducing interest thereon, during the period of conservatorship, as herein elsewhere mentioned, (see footnote No. 9), and the contentions of the parties concerning the liability, or lack of it, of said Association on said notes in the sum of $6,300,000.00 to the San Francisco Bank, as also herein elsewhere mentioned. (See footnote No. 9).

82. That during the period from the 27th day of June, 1946, to January 24, 1948, there were approximately fifty petitions filed for permission to intervene in this litigation by various petitioners, seeking to clear the titles to their homes located within the territorial jurisdiction of this United States District Court in Southern California, which petitions for intervention affected approximately 400 parcels of real property, and pursuant to Order of this Court, made during said period of time, there was deposited in the Registry of this Court, various sums in excess of $1,500,-000.00 in cash, pursuant to which deposit, by orders duly made from time to time, orders for reconveyance of title to the respective petitioners in intervention and interpleader, the titles to said approximately 400 parcels of real property were reconveyed, whereby the true owners of said parcels of real property acquired merchantable titles, duly insurable by title insurance companies authorized by the Insurance Department of the State of California, to issue title insurance on real property within the State of California; that in lieu of the obligations of the deeds of trust upon such parcels of real property, there remained on deposit in the Registry of this Court, said funds, in excess of $1,500,000.-00, the disposition of which is therein held, pending final determination by this Court of this litigation.[15]

15. That the names of such intervenors and interpleaders, the number of separate parcels of real property involved, the dates of filing of their complaints in intervention, the dates of the orders granting the relief sought; the amounts of money deposited in the Registry of the Court, and the date of such deposit, are as follows:

| Name | No. of Parcels Involved | Date of First Filing | Date Order Granted | Total Amount of Deposit | Date of Deposit |
|---|---|---|---|---|---|
| Home Investment Co. | 174 | 7– 1–46 | 7–13–46 | $776,832.24 | 7–20–46 |
| Michael J. O'Rourke | 1 | 9–26–46 | 10– 7–46 | 3,492.59 | 10– 8–46 |
| Dorothy V. & Theodore D. King | 1 | 10–24–46 | 11–18–46 | 2,761.70 | 11–29–46 |
| Eric & Ida C. Flodine | 1 | 10–29–46 | 11–21–46 | 2,538.16 | 4–22–47 |
| | | | | 210.00 | 1–27–47 |

83. That on or about the 29th day of January, 1948, the 1st day of March, 1948, and the 7th day of November, 1949, pursuant to motions duly made, this United States District Court made its Order permitting the interpleading into the Registry of this Court, of various amounts of moneys claimed to be due and unpaid to the cross-

| Name | No. of Parcels Involved | Date of First Filing | Date Order Granted | Total Amount of Deposit | Date of Deposit |
|---|---|---|---|---|---|
| Katherine A. Ball | 1 | 11–13–46 | 11–18–46 | 2,416.64 | 1–15–47 |
| Flavy R. Miller | 1 | 11–13–46 | 11–18–46 | 3,423.21 | 12–23–46 |
| Carl C. Sleek | 1 | 1– 7–47 | 1–20–47 | 2,589.04 | 2– 8–47 |
| | | | | 210.00 | 2– 4–47 |
| Dorothy Pace | 1 | 1– 8–47 | 1–20–47 | 1,549.25 | 2– 8–47 |
| | | | | 108.00 | 2– 4–47 |
| Eric & Ida C. Flodine | | 1–16–47 | 2– 3–47 | (Withdrawn) | |
| Sequoia Investment Co. | 1 | 1–22–47 | 1–22–47 | 717.52 | 1–22–47 |
| Irwin W. Moore | 1 | 1–31–47 | 3–10–47 | 7,191.84 | 4– 9–47 |
| Lloyd C. Leedom | 6 | 1–31–47 | 3–10–47 | 26,534.07 | 4– 4–47 |
| | | | | 1,827.17 | 3–28–47 |
| | | | | 1,111.46 | 2–17–47 |
| Mary McGarvey & F. K. Metzenthin | 1 | 2– 4–47 | 2–10–47 | 292.30 | 2–13–47 |
| Eric & Ida C. Flodine | 4 | 2–28–47 | 3–31–47 | 33.85 | 8– 8–47 |
| | | | | 10.00 | 4–23–47 |
| | | | | 12,153.53 | 4– 9–47 |
| Ellis E. & Naomi B. Cook | 1 | 3– 6–47 | 3–31–47 | 1,579.15 | 5–15–47 |
| R. G. Trigg | 76 | 4– 9–47 | 5–26–47 | 127,798.80 | 8–12–47 |
| | | | | 8,800.00 | 6– 9–47 |
| C. J. & Marion E. Jones | 6 | 4– 9–47 | 5–26–47 | 9,972.01 | 7–15–47 |
| | | | | 291.90 | 6– 9–47 |
| C. J. & Marion E. Jones (Blanket) | 1 | 4– 9–47 | 5–26–47 | 51,785.67 | 8–12–47 |
| | | | | 6,250.00 | 6– 9–47 |
| C. S. Jones | 97 | 4– 9–47 | 5–26–47 | 137,361.08 | 8–12–47 |
| | | | | 11,800.00 | 6– 9–47 |
| Alva H. & Helen K. Remington | 1 | 4–11–47 | 6– 2–47 | 1,724.29 | 6–26–47 |
| | | | | 59.70 | 6– 9–47 |
| Virgil E. & Willie Ward | 1 | 4–14–47 | 6– 2–47 | 1,099.84 | 6–30–47 |
| | | | | 18.00 | 6–18–47 |
| | | | | 379.43 | 6–12–47 |
| R. C. & Marguerite C. Johnson | 3 | 4–18–47 | 6– 2–47 | 5,106.43 | 9–30–47 |
| | | | | 865.00 | 6– 9–47 |
| Vernon V. & Gladys T. Van Meter | 1 | 5– 5–47 | 5–26–47 | 2,219.82 | 6– 4–47 |
| | | | | 88.15 | 6– 4–47 |
| Arthur LaRue & Ethel M. Sherman | 1 | 5– 5–47 | 5–26–47 | 3,412.07 | 6–17–47 |
| Raymond LaMarr | 1 | 5– 5–47 | 5–26–47 | 4,092.09 | 6–17–47 |
| | | | | 296.40 | 6– 4–47 |
| | | | | 115.52 | 6– 4–47 |
| Wm. A. & Fay O. Branum | 1 | 5– 5–47 | 5–26–47 | 3,038.20 | 6–24–47 |
| | | | | 270.00 | 6– 4–47 |
| Ira & Alberta Beasley | 1 | 5– 5–47 | 5–26–47 | 543.39 | 5–29–47 |
| | | | | 156.00 | 5–28–47 |
| Robert P. & Helen S. Collins | 1 | 5– 5–47 | 5–26–47 | 2,067.49 | 6–24–47 |
| | | | | 295.00 | 6– 4–47 |
| Sunset Service Co. & D. L. Severn | 4 | 5–23–47 | 6– 9–47 | 14,979.99 | 8– 4–47 |
| D. L. Severn and Bessie M. Severn | 2 | 5–23–47 | 6– 9–47 | 2,929.75 | 8– 4–47 |
| | | | | 50.00 | 7– 1–47 |
| Robert L. & Grace E. Slaughter | 1 | 5–23–47 | 6– 9–47 | 2,074.67 | 8– 1–47 |
| | | | | 193.53 | 7– 1–47 |
| W. B. & Edna L. Blumer | 1 | 5–23–47 | 6– 9–47 | 2.50 | 7– 2–47 |
| | | | | 2,299.89 | 7– 1–47 |

claimant and third-party plaintiff Long Beach Federal Savings and Loan Association, as rental accrued on disputed leases held by George Turner, defendant and cross-claimant in interpleader herein. The amount of such disputed rentals accrued up to and including the 31st day of August, 1949, being the aggregate total sum of $18,-

| Name | No. of Parcels Involved | Date of First Filing | Date Order Granted | Total Amount of Deposit | Date of Deposit |
|---|---|---|---|---|---|
| Irvy J. & Vera M. Schloe | 1 | 6- 4-47 | 6-16-47 | 1,783.57 | 8- 7-47 |
|  |  |  |  | 300.00 | 7- 1-47 |
| Wm. H. & Frances L. Wagoner | 1 | 6- 5-47 | 6-16-47 | 3,296.18 | 9- 5-47 |
|  |  |  |  | 263.77 | 7- 1-47 |
| Harold C. and Blanche Englestad | 1 | 6- 5-47 | 6-16-47 | 4,328.21 | 8-13-47 |
|  |  |  |  | 332.54 | 7- 1-47 |
| John M. & Arba F. Schoonover | 1 | 6- 5-47 | 6-16-47 | 2,019.86 | 7-31-47 |
|  |  |  |  | 240.00 | 7- 1-47 |
| James & Audie Gregory | 1 | 6-16-47 | 6-16-47 | 1,194.41 | 7- 8-47 |
|  |  |  |  | 219.00 | 7- 1-47 |
| Sydney G. and L. S. Rose | 1 | 6-17-47 | (Withdrawn) |  |  |
| * Owen D. and Ruby M. Fields | 1 | 6-23-47 | 11- 3-47 | 2.50 | 1- 6-47 |
|  |  |  |  | 3,510.34 | 12-17-47 |
| * Marguerite C. Johnson | 1 | 6-25-47 | 7- 7-47 | 1,699.38 | 12-15-47 |
|  |  |  |  | 10,572.00 | 9-30-47 |
| * W. H. & Anna Mace | 5 | 6-26-47 | 11- 3-47 | 7.50 | 12-20-47 |
|  |  |  |  | 13,519.12 | 12-15-47 |
| J. B. Harrell | 1 | 6-26-47 | 11- 3-47 | 1,195.69 | 1-22-48 |
|  |  |  |  | 252.00 | 12-15-47 |
| * Nathan D. & Grace M. Ricks | 1 | 6-26-47 | 11- 3-47 | 2,053.81 | 1- 9-48 |
|  |  |  |  | 279.83 | 12-15-47 |
| Lawrence R. & Donna D. Jones | 1 | 8-15-47 | 11- 3-47 | 1,986.53 | 1-22-48 |
|  |  |  |  | 325.00 | 12-15-47 |
| Ralph W. & Helen Thomas | 1 | 8-15-47 | 11- 3-47 | 3,363.53 | 1-12-48 |
| Glen E. & Theresa Emerson | 1 | 8-29-47 | 11- 3-47 | (Withdrawn) |  |
| * Clayton T. & Melba B. Hobba | 1 | 9-22-47 | 11- 3-47 | 3,225.12 | 1-29-48 |
|  |  |  |  | 476.32 | 12-17-47 |
| * Ethel A. Cameron | 1 | 10-10-47 | 11- 3-47 | 6,843.46 | 1- 5-48 |
|  |  |  |  | 534.71 | 12-15-47 |
| Wrigley Heights Inc. |  | 10-28-47 | 11- 3-47 | 60.956.23 | 1- 9-48 |
|  |  |  |  | 156.52 | 1- 9-48 |
|  |  |  |  | 22,934.90 | 12-22-47 |
| Wrigley Heights, Second Inc. | 65 | 10-28-47 | 11- 3-47 | 187,862.47 | 1- 9-48 |
|  |  |  |  | 53,181.94 | 12-22-47 |
| Helen M. Wolfe | 1 | 10-28-47 | 10-28-47 | 2,007.50 | 10-28-47 |
|  | 480 |  |  | $1,641,037.96 |  |

* All interventions marked with * were appealed from by defendants Home Loan Bank Board and/or their agents. The notice of appeals to the United States Ninth Circuit Court of Appeals was filed 12-26-47. Said appeals were dismissed without hearing thereon on 4-19-48.

That each and all of such interventions was an interpleader into the Registry of this Court by one or more borrowers from said association, of money, the balance owing on deeds of trust upon the homes or properties of said borrowers, which said deeds of trust were owned by said Long Beach Association, and had come into the possession of defendant Ammann when he seized said association. Some or all of said notes and deeds of trust had been assigned by said defendant Ammann to said San Francisco Bank.

The procedure followed by each intervention was that the intervenors filed a motion for permission to intervene in the action and served notice of such motion, together with their proposed

503.52, which has been deposited and is now on deposit in the Registry of this United States District Court, being held pending the ultimate determination of this litigation.

84. The plaintiffs and the cross-claimant and third-party plaintiff Long Beach Federal Savings and Loan Association, by their amended and supplemental complaint and amended and supplemental cross-claim, have challenged and put in issue, the validity of some of the rules and regulations purportedly adopted by the defendant Home Loan Bank Board, and its predecessors defendants Federal Home Loan Bank Board, under which and pursuant to which, the issuance of its claimed Home Loan Bank Board Order Nos. 5082, 5083 and 5084, purportedly authorizing the dissolution of the Federal Home Loan Bank of Los Angeles, and its merger with the Federal Home Loan Bank of Portland and the change of name thereof to the Federal Home Loan Bank of San Francisco, which were all allegedly accomplished on March 29th, 1946, and Order No. 5254 appointing the defendant A. V. Ammann, as conservator for the Long Beach Federal Savings and Loan Association; and similarly the validity of various of the rules and regulations of said defendant Home Loan Bank Board, purportedly authorizing the calling of administrative hearings and the conduct thereof, have likewise been challenged and put in issue in this pending litigation. It is claimed on behalf of said Board, that, among other things, the parties asserting invalidity of such rules and regulations, are estopped from denying the validity of such rules and regulations, and it is contended by said various parties asserting such invalidity, that, among other things, said Board is barred from claiming such estoppel, and that the charter of said Association estops the Board with relation to certain aspects of said contested rules and regulations, and that said rules and regulations are unconstitutional, unauthorized, arbitrary, capricious and an abuse of discretion, and contrary to the provisions of the acts of Congress relative thereto and the charter of said Association. That at the conclusion of the hearing on the morning of November 8th, 1949, as hereinbefore set forth, the Court announced its decision from the bench and directed the prevailing parties to prepare proposed findings of fact, conclusions of law and order. That such were prepared and submitted and were the subject of a conference between the undersigned and various counsel throughout the day and evening of November 11th, 1949. That thereafter the Court directed, by a signed order, that the proposed order prepared along the lines discussed at said conference, should be served upon all parties hereinbefore indicated, appearing at any or all of said proceedings, on or before the close of business November 18th, 1949, allowing five days for any parties desiring to file objections thereto to do so, on or be-

complaints in intervention upon other parties to such litigation, after notice of which, a hearing was held before this Court and order made, permitting such intervention, and the filing of the proposed complaint in intervention, upon which, when no party objected thereto, the relief prayed for in such complaint in intervention, to wit: interpleader and deposit into the Registry of the Court of the amount due upon such intervenor's home or other property, was granted. This Court, then made its order permitting such intervention and deposit of money into the Registry of the Court and requiring defendant Ammann, or other defendants, having possession of the notes and deeds of trust, obligations, of said intervenor, as a borrower from said association, to deposit the same into Court, together with a request for reconveyance upon the payment into Court of the amount due on said loan.

The order of Court likewise required said association to deposit a similar request for reconveyance and the trustee on said deeds of trust, the interpleader, Title Service Company, was required by said Order of Court to deposit into the Registry of the Court Full Reconveyance under said Deeds of Trust, which Reconveyance was, pursuant to the terms of said Order of Court, delivered by the Clerk of the Court to the individual interpleading intervenors upon deposit by them into the Registry of the Court of the total amount of cash due on the loans on their respective homes.

**310**

fore the close of business 5 o'clock p. m., November 23, 1949. That the only parties filing any objections to said order were the Los Angeles Bank and the San Francisco Bank. No objections to the proposed order or its form were filed either on behalf of the Home Loan Bank Board or any of its members, or any of the other parties to this litigation, except as hereinbefore immediately indicated.

### Conclusions of Law

1. That upon the filing of plaintiffs' complaint, original jurisdiction vested in this Court, by virtue of the presentation of many federal questions arising under the constitution and laws of the United States, among which are:

(a) Constitutionality and construction of the following Acts of Congress:

Home Owners' Loan Act, 12 U.S.C.A. § 1461 et seq.;

Federal Home Loan Bank Act, 12 U.S. C.A. § 1421 et seq.;

First and Second War Powers Act, 50 U.S.C.A.Appendix, §§ 601 et seq., 631 et seq.,

and related acts and amendments to one or more of said acts.

(b) Constitutionality, construction and validity of regulations and amendments and repeals of regulations by defendants Home Loan Bank Board and their predecessors, and by other governing authorities of the United States.

(c) Constitutionality, construction and validity of orders adopted by, pursuant to, or under, one or more, of the foregoing, enumerated in (a) and (b) above.

(d) Determination of rights and claims arising under, and created by, one or more, of said Acts of Congress, regulations, repeals, and amendments thereof and orders, rescissions, amendments or modifications thereof, enumerated in (a), (b), and (c) above.

That such Federal questions were amplified and enlarged by filings by various of the parties, including amended and supplemental pleadings subsequent to the mandate of the U. S. Supreme Court pursuant to its opinion in Fahey v. Mallonee, 332 U.S. 245, 258, 67 S.Ct. 1552, 91 L.Ed. 2030.

2. The Court also has original jurisdiction because of the following interpleaders or bills in the nature of interpleader:

(a) Title Service Company filed, in June, 1946, depositing 174 notes and deeds of trust with an aggregate value of approximately $800,000.00, into the Registry of the Court, and likewise interpleading the legal titles to several thousands of parcels of real property conveyed to it as security for notes and deeds of trust aggregating a total of approximately $12,000,000.00.

(b) The deposit in Court by defendant and cross-defendant Robert H. Wallis of a $50,000.00 Cashier's check made payable to him for attorneys fees and expenses for the defense of said association from seizure and threatened confiscation.

(c) The sum of approximately $1,500,-000.00 interplead into the Registry of this Court by the approximately 50 separate interventions and interpleaders by the borrowers and home owners thereby clearing title to approximately 400 homes together with the notes and deeds of trust deposited with the Clerk of the Court, pursuant to the approximately 50 orders of Court in connection with such interventions and interpleaders.

(d) The $6,300,000.00 evidenced by four notes deposited pursuant to the order of this Court of March 13, 1948, which said notes were executed by defendant Ammann in favor of said San Francisco Bank.

(e) The $5,300,000.00 in face value of U. S. Government Bonds with attached coupons uncashed representing an additional several hundred thousand dollars in accrued interest thereon.

(f) The sum of $36,485.25 deposited in the Registry of this Court by said association in May of 1949, as disputed premiums claimed by defendant Federal Savings and Loan Insurance Corporation claimed to be due it upon account of the insurance by it of the accounts in deposit of said association.

(g) The sum of $18,503.52 rent interplead by defendant and cross-claimant

George Turner in connection with rental on his lease of the association owned premises, hotel, etc., a subject of dispute and litigation and attempted cancellation of said lease by various of the parties hereto including said defendant Ammann as purported conservator of said association.

3. That the Court concludes as a matter of law that the jurisdiction of this court attached with relation to said several various interpleaders and bills in the nature of interpleader and continues until final adjudication of the right of the various contending parties, concerning each and all of said property, money claims, and obligations, duties, instruments, transactions, and occurrences related thereto.

4. That some of the issues in the main litigation involved, will require a determination of the case on its merits, before a final determination can be made as to the jurisdiction of this Court with relation to certain situations and phases of the litigation, which raise the question of jurisdiction.

5. That this action seeks determination of claims to, and the removal of liens and clouds upon specific real and personal property, physically located, within the territorial boundaries of the district of this United States Court. That this Court has jurisdiction over such property and all parties concerned with said property, its title, ownership, possession or incidents.

6. That as a matter of law, this Court had, and still has, jurisdiction under the Administrative Procedure Act and has jurisdiction for determination of the issues or issues to be presented concerning the following:

A. Administrative Orders of The Home Loan Bank Board:

  (a) Order No. 5082

  (b) Order No. 5083

  (c) Order No. 5084

All dated March 29th, 1946, concerning the claimed liquidation and dissolution of the Los Angeles Bank, the creation of the San Francisco Bank, and other things therein set forth.

  (d) Order of the Home Loan Bank Board No. 5254, of May 20th, 1946, providing for the appointment of a conservator for said Long Beach Association.

  (e) Order No. 388 of the Home Loan Bank Board, of January 17th, 1948, providing among other things for the restoration of said Association and its assets and properties to said Association from said conservator.

  (f) Order No. 2015 is the sixth of such orders and on its face, interferes with, obstructs, and if proceeded with or during pendency of proceedings before this Court, would or may nullify, the orders, process, and jurisdiction of this Court presently operating and effective, in review or past review of some or all of said five prior orders.

B. Regulations or Other Actions of Home Loan Bank Board:

  (g) Various rules and regulations contended to be invalid or inapplicable to said Long Beach Association.

  (h) The charter of said Association;

7. That the promulgation of said Order No. 2015 by item No. 4 therein set forth, is in effect an attempt by the hearing therein called, for the Home Loan Bank Board to act as an appellate and reviewing body upon the order of this Court dated January 23, 1948, among other things restoring said Association from said conservator to the officers of said Association, as requested by said Order No. 388 of said Board, no appeal from which order was taken and time for which appeal has long since past, in that the portions of said Order No. 4 referring to a "More Definite Statement" submitted to said Association on May 29th, 1946, and all of the acts and conduct of said Association and its officers referred to therein, which occurred prior to January 17th, 1948, the date of the promulgation of the said Order No. 388, and January 23rd, 1948, the date of the restoration order of this Court were taken into consideration in making said Order of restoration.

8. That said Order 2015 in fixing the time and place of said hearing at Washing-

ton, D. C., is contrary to, and in violation of, the express requirement of Section 5 (a) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(a), that in fixing the times and places for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives.

9. That since the filing of the original action, the various claims, cross-claims, interpleaders, interventions and contentions of the parties require that this Court, as a court of equity, retain jurisdiction and that in the exercise thereof restrain said Administrative Hearing.

10. That this Court having acquired jurisdiction, has the inherent power, to make all necessary and appropriate orders to protect its jurisdiction from encroachment or infringement.

11. That said Administrative Hearing could not determine or pass upon all of the issues or parties now before this court in the within action.

12. That plaintiffs and cross-claimants have no plain, speedy or adequate remedy at law.

13. That great and irreparable injury will occur to the movants herein and is immediately threatened unless this Preliminary Injunction be issued as herein provided.

14. That through the determinations in the previous orders of this Court, having been or become final by failure to appeal therefrom or by dismissal of appeals, they have become the law of this case, including the finding that this court has jurisdiction of the parties and of the subject matter.

15. That this preliminary injunction, together with the prohibitions and restraints it contains each and all are necessary and appropriate process to postpone in order to prevent immediate and irreparable injury, damage and loss, the matters and things threatened by defendants Home Loan Bank Board by and in their said Order No. 2015.

That such postponement pending the trial on the merits of the matters presented by this litigation and by said Order No. 2015 is required in order to preserve the status and rights of the parties litigant herein, including the approximately 24,000 shareholders and borrowers of said association, pending conclusion by this Court of its trial on the merits of this litigation including a review of adjudication of the various prior orders, regulations and other actions of defendants Home Loan Bank Board, et al., and their predecessors.

That the matters and persons concerned in this litigation and in Order No. 2015 are overlapping, co-incidental and mutually inter-related. The decision of one or more of the issues in either likewise involves a decision of one or more of the issues in both said Order No. 2015 and this litigation.

16. That defendants Home Loan Bank Board, et al., have made general appearances in this action, have sought and obtained affirmative relief from this Court, and have submitted to the jurisdiction of this Court. That previous orders of this Court have established that such general appearance and submission to the jurisdiction of this Court have been the subject of orders of this Court which orders have become final from lapse of time for appeal therefrom.

17. The general equity jurisdiction of this Court to do justice, not piece-meal nor by halves, but by complete disposition of all parts of litigation, any part of which is properly before this Court, includes jurisdiction to decide all issues in these actions.

18. That in this case and consolidated actions, are two or more class actions, one a class action by Mallonee and others, as plaintiffs on behalf of all the shareholders of the Long Beach Federal Savings and Loan Association; and the second cause of action, in consolidated case No. 5678–P.H., is a class action on behalf of the stockholders of the Federal Home Loan Bank of Los Angeles; as to the motions to dissolve the San Francisco Bank, pending and not yet acted upon, it is asserted on behalf of movants to be a class action on the part and on behalf of all of the stockholders of said San Francisco Bank.

19. That this Court has jurisdiction to prevent injury to the public interest and to

grant any relief, either to the plaintiffs or any parties injured, who may be a member of the Association or otherwise interested, to protect and preserve their interest, and the rights and interest of the Home Loan Bank Board, or any other litigant, by the exercise of its general equity powers.

20. That as a matter of law, in weighing the equities between the parties, the equities preponderate in favor of the movants, as grave and irreparable injury threatens to occur if the within injunction is not granted, and no injury or damage can occur upon the granting of the injunction.

21. All the conclusions of law contained in the foregoing findings of fact are again found to be conclusions of law.

22. That except as hereinbefore expressly stated, all parties to these motions, defaulted to, and did not oppose the granting of, the said Motions for Preliminary Injunction. That notice of the hearing of said motions, the motions and all the supporting documents, together with a copy of said Temporary Restraining Order, were all duly and regularly made and served.

23. That the said Motions for Preliminary Injunction should be granted and this Preliminary Injunction made and issued by this Court.

Now Therefore, It Is Hereby Ordered:

That the defendants Home Loan Bank Board, as presently or hereafter constituted; the present members thereof, William K. Divers, Chairman, J. Alston Adams, member, and O. K. LaRoque, member; the Federal Savings and Loan Insurance Corporation, its present or hereafter acting trustees, including said defendants William K. Divers, J. Alston Adams, and O. K. La-Roque, all individually and in all other capacities; defendant A. V. Ammann as purported conservator, individually, and in every other capacity; defendant George K. Bramley as purported deputy conservator, individually and in every other capacity; John H. Fahey, individually and in all official capacities, if any; Harold Lee Newendorp and Charles E. Bradley, individually and in any representative capacities if any, they have or claim; Long Beach Fed-

eral Savings and Loan Association; Title Service Company; Robert H. Wallis; Plaintiffs Shareholder Members Protective Committee; Mallonee, Fergus, and Bucklin, individually, and in their representative capacities; Federal Home Loan Bank of Los Angeles; Federal Home Loan Bank of San Francisco; Federal Home Loan Bank of Portland; Plaintiffs in 5678-P.H., Coast Federal Savings and Loan Association, Standard Federal Savings and Loan Association, First Federal Savings and Loan Association of Wilmington, Central Building & Loan Association, State Savings & Loan Association, and Los Angeles American Savings and Loan Association; Land Title Insurance Company, a corporation; Pioneer Investors Savings and Loan Association, a corporation, Home Mutual Savings and Loan Association, a corporation, California Savings and Loan Company, a corporation, Thrift Federal Savings and Loan Association, a corporation, San Francisco Federal Savings and Loan Association, a corporation, Community Savings and Loan Association, a corporation, Oakland Federal Savings and Loan Association, a corporation, Citizens' Federal Savings and Loan Association, a corporation, Berkeley Guarantee Savings and Loan Association, a corporation, and Golden West Savings and Loan Association, a corporation; Home Indemnity Company; Ben A. Perham, William A. Davis, J. H. Andrews, C. N. Bloomfield, Percy Bulen, M. L. Carrier, Douglas H. Driggs, Roy E. Hegg, R. Floyd Hewitt, L. H. Hoffman, Guy E. Jaques, and C. W. Leaphart, individually and as directors of the Federal Home Loan Bank of San Francisco, and all other parties, respondents, litigants, claimants, or others, in or to any or all of the above-captioned and numbered actions and proceedings, including consolidated, remanded and enjoined actions, and each and all of their officers, agents, servants, employees, attorneys, directors, trustees, subordinates, deputies, bureaus, agencies, alter-egos, or other corporations or authorities, and every other person, entity, corporation, or individual, under their direction, supervision or control, are each and all of them, and they

hereby are, during the pendency of these actions, or until further order of this Court without first obtaining the written order or permission of this Court:

### Restrained and Enjoined From Directly or Indirectly

#### One

(a) Interfering, violating, nullifying, circumventing or requiring other parties to this litigation to, or themselves to, violate, nullify or circumvent the jurisdiction, orders, judgments, decrees, injunctions and restraining orders of this Court, either directly or indirectly, by the instituting, commencing, holding or continuing to hold, convening, reconvening, maintaining, answering, responding to, showing cause therein, or participating in, in any way, the administrative hearing, ordered by the defendant Home Loan Bank Board's Order No. 2015, dated September 9, 1949, or adjournments thereof, or restorations of hearing date thereon; and

#### Two

(b) Interfering with the jurisdiction of this Court by trespassing upon, or taking or interfering with, the possession, title, control or ownership, of the Long Beach Federal Savings and Loan Association, its assets, premises, business, books, records, accounts, reputation, good will, management, employees and other real or personal property, or threatening so to do, and

(c) Interfering with the jurisdiction of this Court by participating in, instituting, commencing, holding and continuing to hold, convening, reconvening, maintaining, answering producing evidence, or giving testimony, responding to, showing cause therein, or requiring, coercing, or compelling any party so to do, or participating in, in any way, either directly or indirectly, in any suit, action, litigation, proceeding, trial, hearing, (administrative or otherwise), to hear, determine, decide or adjudicate nisi prius in any forum other than this United States District Court, in and for the Southern District of California, Central Division, any questions (factual or legal) either directly or indirectly involving, concerning, affecting, relating to, or which might involve, concern, affect, relate to either directly or indirectly, any of the moneys, properties, real or personal, or assets of any kind or description, belonging to, or now claimed by any of the parties to this litigation, over which this Court has assumed, or acquired, jurisdiction in this litigation, or any part thereof; and

(d) Interfering with the jurisdiction of this Court by inflicting, imposing, or threatening so to do, any forfeitures, penalties, or impositions or changes in rights or status under contract, charter, insurance, or otherwise, upon or to any party or parties to this litigation, because of, or concerning any acts, omissions, conduct or refusal of any party or parties, which are now issues of, controversies in, or matters or things to be decided by, this litigation; including but not limited to deposits, interpleaders, interventions, or other money, assets, securities, documents, or property in the possession of said Court in interpleader, or in the Registry thereof, or otherwise under the jurisdiction and control of said Court; and

(e) Requiring, coercing or compelling any other party or parties, to this litigation, to do any of the things hereby enjoined and restrained or threatening so to do; and

Nothing herein contained is intended to or shall restrain or enjoin any parties to these consolidated actions, or attorneys or other agents acting on their behalf, or any of them, from entering into or carrying on negotiations among themselves looking toward the restoration of the Federal Home Loan Bank of Los Angeles and/or the Federal Home Loan Bank of Portland, and the return of their assets and properties, or, subject to the approval of this Court, (a) effecting such restoration or return of such assets or properties, (b) reestablishing the Eleventh and Twelfth Federal Home Loan Bank Districts as the same existed prior to March 29, 1946, (c) reestablishing the Federal Home Loan Bank of Los Angeles and/or the Federal Home Loan Bank of Portland. It is further declared that nothing herein contained

is intended to or shall restrain or enjoin further efforts by any party to these consolidated actions, or attorneys or other agents acting on their behalf, or any of them, from entering into or carrying on negotiations among themselves looking toward a compromise or settlement of this litigation, either as a whole or as to any part or parts thereof.

During the period this Preliminary Injunction shall remain in effect, none of the parties affected thereby, are restrained or enjoined from taking any or all actions or proceedings, which they or any of them, may deem appropriate, in this action before this Court, but not otherwise; and

The Court reserves jurisdiction to make such other or further orders as may, or might, become necessary or convenient to fulfill, carry out, and enforce or modify and/or vacate the within order in whole or in part.

In view of the fact that a bond in the sum of $1,000,000.00 is now on deposit in this Court by the officers of said Association, the bond as security in accordance with the provisions of rule 65, subdivision (c) Federal Rules of Civil Procedure, is hereby fixed in the nominal sum of $5,000.00.

[Note: Exhibits B, C, D, E, F, and H are omitted as unnecessary to an understanding of the decision.]

Exhibit A

[Title of District Court and Cause.]

Order that the petition of the shareholders be granted and that the conservator for the Long Beach Federal Savings and Loan Association be removed and its assets returned to the directors and officers of the association

That Petition of the Plaintiffs, the Shareholders' Protective Committee for an Order of Court approving, confirming and interpreting the Resolution and Order No. 388 of the Home Loan Bank Board dated January 17, 1948, certified copy of which Resolution and Order, pursuant to its terms having been delivered to the court and a conference on said verified petition having been had in chambers with the court by counsel representing the parties concerned, on Wednesday, January 21, 1948, at 2 p.m. and notice of said conference and hearing having been waived by the Defendant and Cross-Claimant and Interpleader, Title Service Company, by and through its attorney, H. O. Wallace, and by the defendant and cross-claimant in interpleader Robert H. Wallis, by and through his attorney Raymond Tremaine, and by the defendant Federal Home Loan Bank of Los Angeles by and through its attorneys O'Melveny and Myers, and by the defendants Federal Home Loan Bank of San Francisco, and the Federal Home Loan Bank of Portland by and through their attorneys Hoffman and Bishop, and the plaintiffs being represented by their attorneys Westover and Smith by Wyckoff Westover, Esq., and the Defendant and Cross-Claimants Long Beach Federal Savings and Loan Association being represented by its attorney, Charles K. Chapman, Esq., who, on behalf of said Association joined with the Plaintiffs in said petition and the opposing Defendants John H. Fahey individually and as former Federal Home Loan Bank Commissioner, and A. V. Ammann individually and as the conservator for the Long Beach Savings and Loan Association and the Home Loan Bank Board, the substituted successor defendant to the Federal Home Loan Bank Commissioner being represented by their attorneys James M. Carter, United States Attorney and Wm. F. McKenna, Esq., Attorney for the Home Loan Bank Board who in their behalf opposed the granting of said petition, and there having been heretofore filed with the Court a true copy of (1) the Resolution and Order of the Home Loan Bank Board No. 386 dated January 17, 1948, duly authenticated by J. Francis Moore, Secretary of the Home Loan Bank Board and (2) the license duly and regularly issued by the Commissioner of the Division of Corporations for the State of California to the plaintiffs, Paul Mallonee, C. H. Newhouse and Winnie Bucklin, as the Shareholders' Protective Committee of the Long Beach Federal Sav-

ings and Loan Association, License No. L.A.—A–37621, and;

From said petition, and the proceedings thereon and from the files, records and proceedings, heretofore had in the above-entitled case, the following facts appearing to be True, said court now finds the following facts and conclusions of law:

That the Defendant Home Loan Bank Board is the successor of the Federal Home Loan Bank Commissioner who on May 20, 1947, made and issued Federal Home Loan Bank Administration Order No. 5254 summarily appointing the defendant A. V. Ammann conservator for the Long Beach Federal Savings and Loan Association;

That the Home Loan Bank Board did on January 17, 1948, duly and regularly make its resolution and Order No. 388 providing among other things that the Federal Home Loan Bank Administration Order No. 5254 appointing a conservator for the Long Beach Federal Savings and Loan Association be rescinded and ordering that upon the request of the shareholders of the said Association through their authorized representative the conservator deliver all of the Assets of any and every nature and all records and books of said Association to the shareholders of said Association through their authorized representative and to make a full and complete accounting to said shareholders and providing that a copy of such accounting be filed with the District Court of the United States in and for the Southern District of California;

That a certified copy of said Resolution and Order No. 388 of the Home Loan Bank Board having been delivered to this Court as provided in said Resolution;

That it is provided in the charter and by-laws of said Association that the regularly elected Board of Directors and Officers of said Association continue to hold office until their successors take offices;

That as a matter of law and fact the "Authorized representative" of the shareholders of the Long Beach Federal Savings and Loan Association is the duly and regularly elected Board of Directors acting through the duly and regularly elected officers;

That the last annual meeting of shareholders was held on January 16, 1946, and that the following were the duly and regularly elected, and still are, the duly and regularly elected and acting Directors for the Long Beach Federal Savings and Loan Association: Arthur A. Allen, S. I. Bacon, J. E. Gregory, T. A. Gregory, M. T. Killingsworth and J. H. Reeder.

That on January 16, 1946, the following officers were duly and regularly elected as such by the said Board of Directors, and that they are still the duly and regularly elected officers of the Long Beach Federal Savings and Loan Association, to wit: T. A. Gregory, President; S. I. Bacon, Vice President; M. T. Killingsworth, Vice President; Roy Wolfers, Vice President and Assistant Secretary; Ethel L. Roberts, Vice President and Assistant Secretary; J. E. Gregory, Secretary and Treasurer.

That the shareholders Protective Committee composed of Paul Mallonee, Chairman, C. H. Newhouse and Winnie Bucklin, the plaintiffs, have been duly and regularly licensed by the Commissioner of the Division of Corporations of the State of California by License No. L.A.—A–37621, File #80232 so to act as a protective committee representing the shareholders of said Association.

That said Shareholders Protective Committee in their verified petition on file herein, have also specifically designated the said duly and regularly elected Officers and Directors of said Association to be the authorized representatives of the shareholders of said Association and to receive the assets of said Association from said conservator;

That any uncertainty or indefiniteness in the restoration of said Long Beach Federal Savings and Loan Association and its assets to its shareholders and the management of the duly and regularly elected Directors and Officers will result in further controversy and that further controversy will result in substantial damage to the Long

Beach Federal Savings and Loan Association and its shareholders.

That the restoration of said Association and its assets to its shareholders and the management of its duly elected Directors and Officers should be made effective at a specific time;

That it is to the best interest of said Association, its good will and public confidence and the savings of its shareholders that such Association shall not be closed during said transition period but shall be open during regular business hours upon all banking days;

That in order to facilitate the delivery of the extensive assets of said Long Beach Federal Savings and Loan Association from the defendant Ammann as conservator to the shareholders authorized representatives, to wit: the said duly and regularly elected officers and directors of said Association and yet keep said Association open for business without interruption and at the same time to permit the preparation and delivery of adequate descriptive receipts for the voluminous assets, documents, securities, notes and other valuables, it is necessary that a specific time and date be fixed and set when all right, title and interest, whatever it may have been, or may be, of the defendant A. V. Ammann as conservator of said Long Beach Federal Savings and Loan Association, or otherwise, be transferred, returned and restored to the Long Beach Federal Savings and Loan Association and that at said time so herein designated the possession of the premises and business together with all books, records, and accounts of every nature pertaining to said Association and all of the business of said Association be transferred from said defendant A. V. Ammann to the said duly and regularly elected Officers and Directors of said Association;

That to further facilitate such transfer, it is necessary and advisable that the possession of all of the assets of said Long Beach Federal Savings and Loan Association of any and every nature whatsoever wherever located belonging to or pertaining to said Long Beach Federal Savings and Loan Association be transferred and delivered to the said duly and regularly elected Officers and Directors of said Long Beach Federal Savings and Loan Association and that descriptive receipts signed by any two of said officers, be given to the Defendant A. V. Ammann as the former conservator of said Association for such specific assets as delivered;

That because of the great volume of said assets there may be and probably will be many such receipts perhaps bearing various dates;

That further to facilitate the transfer of possession of said Association and its assets without interruption of its business that the hour of 12 o'clock on Saturday, January 24, 1948, is an advisable time for the restoration of title to said association if any passed therefrom of all of its assets and delivery of possession of the premises, books, records and business of said Association from the Defendant A. V. Ammann to the officers and Directors of said Association;

That said Resolution and Order No. 388 of the Home Loan Bank Board providing that Order No. 5254 appointing a conservator for the Long Beach Federal Savings and Loan Association be rescinded, by its terms is to become effective upon the request of the Shareholders of said Association through their authorized representatives and that the said authorized representative, to wit: The Board of Directors of said Long Beach Federal Savings and Loan Association have heretofore and subsequent to January 17, 1948, by appropriate resolution duly and regularly passed, authorized the said duly elected officers of said Association to make written request that all of the assets of said Association of any and every nature whatsover belonging to or pertaining to said Association together with all books, records and accounts of every nature, pertaining to said Association be delivered to such shareholders by delivery to the above named officers of said Association and that said demand should be made to become effective at 12 noon on Saturday, January 24, 1948, and it further

appearing that said demand together with **a** copy of this Order should be served upon the Defendant, A. V. Ammann:

That pursuant to said resolution of said Board of Directors said Officers have thereafter and heretofore executed a formal demand and request that there be turned over and delivered to said Officers all of the assets of said Association of any and every nature whatsoever belonging to or pertaining to said Association together with all books, records and accounts of every nature pertaining to said Association, which formal demand is attached hereto and made a part hereof;

That no election of Directors or Officers of said Long Beach Federal Savings and Loan Association has been held since the appointment of said conservator on May 20, 1946;

That an election of directors should be held at a special meeting of shareholders and members of said Association, to be held in the manner specified in the charter and by-laws of the said Long Beach Federal Savings and Loan Association;

That pursuant to the voluntary offer of the officers of said Long Beach Federal Savings and Loan Association and to the request of the United States Attorney, said officers should furnish bond in the amount offered by them, to wit: One Million ($1,000,000.00) Dollars upon the same terms and conditions as the bond required under the Home Owners' Loan Act of 1933 as amended, and the rules and regulations of the Home Loan Bank Board of Officers of Federal Savings and Loan Associations;

That after the delivery of possession of all of the assets, securities, and documents of said Association by said Defendant A. V. Ammann to the officers of said Association the defendant A. V. Ammann should make a full and complete accounting for all of the assets and liabilities of any and every nature pertaining to said Association, to and including the close of business of Saturday, January 24, 1948, and should file a copy of such account with the District Court of the United States in and for the Southern District of California within 120 days after the date of this Order or such further time as may be allowed by the above-entitled Court:

That in order to promote and facilitate the making of said Accounting, the Defendant A. V. Ammann, his agents or representatives should have access to the books, records and accounts of said Association which the Defendant A. V. Ammann delivers to the Officers of said Association and that access to said books and records should be at reasonable and mutually convenient times and places all subject to the supervision of the Special Master herein provided;

That the size of said Long Beach Federal Savings and Loan Association and the magnitude, volume and complexity of the transfer of its approximately Twenty-six Million ($26,000,000.00) Dollars of assets makes it impractical and impossible in this Order to foresee and itemize all of the complex circumstances likely to arise and that in order to preserve public confidence in the said Long Beach Federal Savings and Loan Association and to oversee the transfer of the possession of all of said assets and business of said Association and the accounting therefore and to supervise the holding of an election for the Board of Directors of said Association in conformance with its charter and by-laws it would be advisable and proper, under the equity powers of this Court, that a special master should be appointed;

That said special master should have no financial responsibility for said Association or its assets but should have authority to oversee and supervise the transferring of the assets and business of said Association and the accounting therefore and the holding of said special election and should have the general powers which may be allowed special masters;

That said special master, without limitation of any other power, should have authority to employ necessary personnel to assist him in the execution and performance of his duties and that all of the costs and expenses of said special master upon allowance by this Court should be paid from

the funds of the Long Beach Federal Savings and Loan Association now on deposit with the Registry of this Court or from other funds of said Association;

That the said special master's compensation should be determined from time to time by this Court and paid from the assets of said Association on deposit with the Registry of this Court or from other assets of said Association as directed by this Court.

It Is Therefore Hereby Decreed and Ordered:

That pursuant to Home Loan Bank Board Resolution and Order No. 388 adopted January 17, 1948, the conservatorship of the Long Beach Federal Savings and Loan Association is rescinded and terminated effective as of the close of business at 12 o'clock noon on Saturday, January 24, 1948 by the service upon the Defendant A. V. Ammann, or upon any agent, deputy or representative of said conservator found on said association premises, of a certified copy of this order together with a true copy of the written demand of the Long Beach Federal Savings and Loan Association, and an authenticated copy of the Resolution of the Board of Directors of the Long Beach Federal Savings and Loan Association authorizing the making of such demand;

That the title and ownership, if any, of all property of every nature whatsoever, and of whatsoever kind and character, real, personal or mixed, including but not limited to money, bank accounts, cash, securities, bonds, notes, deeds of trust, premises, books of account, records, good will of said Association, which passed or vested under or by virtue of said order appointing conservator, No. 5254, or any proceedings of said Home Loan Bank Board or its predecessor, shall cease and terminate and the same shall pass to and be vested in said association at 12 o'clock noon, Saturday, January 24, 1948.

It Is Further Ordered that possession, management, control, custody and operation, and all evidences of title and/or ownership of all property, of every nature whatsoever, and of whatsoever kind and character, real, personal, or mixed, including but not limited to money, bank accounts, cash, securities, bonds, notes, deeds of trust, premises, books of account, records, good will, of said Association, shall be transferred and moved from and by said defendant, A. V. Ammann, as such conservator of said Long Beach Federal Savings and Loan Association, and in any other capacity whatsoever, which the said defendant, A. V. Ammann, may occupy, and shall pass and be delivered to the Long Beach Federal Savings and Loan Association at the time and in the manner hereinafter designated;

Possession of the assets of said Association shall remain in the said defendant, A. V. Ammann, only for such length of time as shall be required for the preparation, execution, and delivery of receipts by the said officers as herein elsewhere explicitly detailed, possession to pass of cash particular block of assets immediately upon the tendering of such receipts, and upon receipts being given therefor, as herein required said defendant A. V. Ammann's possession shall cease, and the said assets shall be in the possession of the said officers and directors of the said Long Beach Federal Savings and Loan Association.

It Is Ordered that said association premises and business be transferred from defendant Ammann, as herein provided, to the hereinafter named officers, at 12 o'clock noon, Saturday, January 24, 1948. It is further ordered that the defendant, Ammann, accept the receipt of any two of said officers for any or all of the assets of said association, of any and every nature whatsoever, belonging to or pertaining to said association, together with all books, records, and accounts of every nature pertaining to said association, and the tender of such receipts shall be a sufficient compliance with this order. Because of the great values of said assets, there will be many such receipts, perhaps bearing various dates. The possession of the premises, business, and the conduct and operation of the affairs of said association shall be in the said officers from and after 12 o'clock noon, Saturday, January 24, 1948. Possession of the assets and

securities shall remain in defendant, Ammann, until the giving of each of the foregoing receipts. Upon delivery of each of such receipts, the portion receipted for shall be transferred by Ammann to the possession of the officers hereinafter named. That said officers shall be responsible only for such properties of any and every nature, for which they have delivered receipt to said defendant, Ammann.

It Is Further Ordered that the said Long Beach Federal Savings and Loan Association be kept open for business during its regular business hours upon all banking days, until further order to the court.

It Is Further Ordered that the defendant and cross-claimant, Long Beach Federal Savings and Loan Association, make and serve upon the defendant Ammann, or upon any agent, deputy or representative of said conservator found on said association premises, a true and correct copy of this order and the said request and demand, as herein provided.

The officers named in said petition, request, and demand as the designated representatives of said shareholders and the officers in this order referred to as those to whom defendant A. V. Ammann is ordered and required to deliver possession, custody, control and title to the assets and securities, business, offices and properties as well as the books, records and accounts of said Association, are T. A. Gregory, President; J. E. Gregory, Secretary-Treasurer; S. I. Bacon, Vice President; Ethel L. Roberts, Vice President and Assistant Secretary; Roy Wolfers, Vice President & Assistant Secretary.

It Is Further Ordered that pursuant to the offer made voluntarily to the Court on behalf of the Long Beach Federal Savings and Loan Association, and upon the request of the United States Attorney's Office, a Surety Company Bond in the amount of one million dollars be furnished by the officers of the Long Beach Federal Savings and Loan Association named in this order, and by this order placed in possession and control of the assets and business of said Long Beach Federal Savings and Loan As-

sociation. Said bond shall be in the usual form of surety and faithful performance bonds furnished by all officers to all Federal Savings and Loan Associations, and shall be in favor of the Home Loan Bank Board for and on behalf of the shareholders of said Association, and shall remain in full force and effect until further order of the court, said bond to be delivered to the clerk of this court within 10 days from date hereof.

It Is Further Ordered That the defendant, Ammann, make a full and complete accounting to said sharcholders for all assets and liabilities of any and every nature pertaining to said association, and to file a copy of such accounting with the District Court of the United States in and for the Southern District of California, within 120 days after the date of this order, or such further time as may be allowed by the above-entitled court.

Said officers are ordered to permit the defendant, Ammann, his agents or representatives access to the books, records, and accounts of said Association, delivered to them by defendant Ammann, for the purpose of preparation by defendant, Ammann, or his said representatives of the said accounting. Said access is to be at reasonable and mutually convenient times and places, all subject to the supervision of the Special Master herein provided.

The Court Further Finds that the transfer and delivery of the assets of said Association from the possession of said defendant, A. V. Ammann, as herein required, to the possession of the officers and the directors of the said Long Beach Federal Savings and Loan Association, is a task of considerable consequence, because of the extensive volume of said assets, allegedly totalling approximately twenty-six million dollars, with approximately eight thousand parcels of real property, and notes and deeds of trust thereon involved, as well as numerous and detailed accounts and records, and extensive assets of other natures. The court finds that said Association accepts the savings of the public, and has approximately sixteen thousand share-

holders;. that the public confidence and trust in such an institution is a matter of grave importance, not only to the institution and its welfare, and to the welfare of its shareholders, but is also a matter of grave concern to the community in which said Association does its business. Friction, disagreements, or other matters arising might be harmful to said Association and to its shareholders and to the general public. The court finds that to facilitate the transfer of such assets as herein ordered and required, and to supervise the conduct of an election herein elsewhere explicitly detailed and required, to supervise the accounting required, and generally to assist the court in the process of carrying out this order, it is necessary and proper that a special master in chancery be appointed by this court to carry out the court's directions and orders herein made, and to report to this court on all matters requiring the court's assistance in the carrying out of this order and the things detailed and directed herein. A separate order appointing a special master will therefore be made by this court, the order to contain the necessary powers to the said master to enable him to carry out the functions herein required.

It Is Further Ordered that a special election and meeting of the shareholders and members of the Long Beach Federal Savings and Loan Association shall be held and shall be called by the said officers and directors herein named, under the supervision and direction of said special master and pursuant to the charter and by-laws and applicable laws and regulations. Such election shall be called as soon as practical and possible.

All parties are directed by this Court to facilitate speedy transfer of such assets and to cooperate with the intent of said resolution and of this order with a minimum of friction and delay. Neither said resolution nor this order can foresee and itemize all of the complex circumstances likely to arise from a transfer of this magnitude, under those terms and conditions necessary for the preservation of the public confidence and essential to the operation of said Long Beach Federal Savings and Loan Association. The Court therefore reserves full power both under this order and under its otherwise existing jurisdiction to make all necessary expedient or proper additional or later orders, decrees or judgments.